THE STATE OF KANSAS v. T. F. FOREN.

No. 15,804. (97 Pac. 791.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Seizure—Forfeiture—Time of Trial.* In a prosecution for maintaining a common nuisance under the act prohibiting the unlawful sale of intoxicating liquors the trial to determine if the property seized by the sheriff under the warrant should be forfeited may be had at the time fixed for answer in the notice served upon the defendant, or at any other time to be fixed by the court in the exercise of judicial discretion. (Gen. Stat. 1901, § 2495.)

2. PRACTICE, DISTRICT COURT—*Judicial Discretion.* This discretion should be exercised reasonably, in accordance with orderly judicial procedure, but where it is not shown that the court, in making an order complained of, failed to apply the rules and analogies of the law to the facts found upon fair judicial consideration of the evidence there is no abuse of discretion justifying the reversal of the order, although a contrary ruling would not have been erroneous or unjust.

Appeal from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed October 10, 1908. Affirmed.

*Fred S. Jackson,* attorney-general, *Charles D. Shukers,* special assistant attorney-general, and *Lee Bond,* county attorney, for The State.

*Floyd E. Harper,* for appellee.

The opinion of the court was delivered by

BENSON, J.: This was a prosecution for the unlawful sale of intoxicating liquors and for keeping and maintaining a common nuisance, commenced by the attorney-general in the district court of Leavenworth county on the 20th of August, 1907. The information was filed by Charles D. Shukers, special assistant attorney-general, who caused the warrants to issue in this and several other cases of the same nature at that time. Mr. Shukers left Leavenworth on the evening of August 21, at which time none of the warrants had been returned.

On or about August 23 the sheriff and county attorney of Leavenworth county called on the attorney-general in his office at Topeka relative to these prosecutions, and during the interview the attorney-general directed the county attorney to attend to the cases and to keep him informed of all procedure therein. The sheriff's return showed that certain property had been seized, as commanded in the warrant, and thereupon, on August 26, a notice was issued by the clerk, as required by section 2495 of the General Statutes of 1901, describing the property so taken, and notifying the defendant and all persons claiming an interest in the property to appear in the district court-room on September 7 and answer the complaint made against such property and show cause why the same should not be adjudged forfeited and destroyed.

On September 7 the defendant, T. F. Foren, filed his

answer, consisting of a general denial, and demanded an immediate trial of the ownership of the property. One Mike Kirmeyer filed his interplea and answer, and asked the court therein to fix a time for a trial of the property, but took no other action in the case. The county attorney requested a continuance until such time as he could communicate with the attorney-general and subpœna the witnesses, which request was by the court refused and the trial ordered to proceed. The county attorney thereupon offered in evidence the return of the sheriff on the warrant, showing the schedule of property seized, which was: "1 front bar; 1 back bar; 2 dozen glasses; 1 ice-box." The defendant offered no evidence, and thereupon the court rendered a judgment finding the defendant "not guilty as charged," and ordered the property returned to him. The attorney-general filed a motion for new trial on September 10, 1907, which was by the court denied. Exceptions were duly taken by the attorney-general, who brings the case here for review.

An affidavit of the assistant attorney-general was read in support of the motion for a new trial, from which it appeared that when he left Leavenworth on the 21st of August the warrant had not been returned, and, as the notice could not then be issued, he requested the clerk of the court to furnish him with information concerning any proceedings taken in the case, which the clerk did by mailing to him, on the 29th day of August, a statement, as follows:

"*Hon. F. S. Jackson, attorney-general, Topeka, Kan.:*

"SIR—Pursuant to your request of the 28th, I herewith submit the following [omitting reference to the other cases therein]: Case No. 3806, *State v. T. F. Foren;* defendant arrested, gave bond, property seized and notice served."

This was duly received at the attorney-general's office, and it does not appear that any further inquiry concerning the notice or the date fixed for answer was

The State v. Foren.

made by that officer or his assistant. The clerk testified on the hearing of the motion that after mailing this statement he called up the attorney-general's office and asked the assistant, over the telephone, if it was what was wanted, and that he received an answer that it was satisfactory.

Upon the foregoing facts it is urged that the action of the court in refusing the application of the county attorney to postpone the trial to a later date, and in proceeding to trial on the answer day, was an abuse of discretion. The statute is as follows:

"Whenever any intoxicating liquor or other property shall be seized under such a warrant, whether an arrest has been made or not, a notice shall issue within forty-eight hours after the return of the warrant, in the same manner as a summons, directed to the defendant or defendants in such action and to all persons claiming any interest in the intoxicating liquors or other property, and fixing a time and place at which all persons claiming any interest therein may appear and answer the complaint made against such intoxicating liquors or other property, and show cause, if any they have, why the same should not be adjudged forfeited and ordered destroyed. Such notice shall be served upon the defendant or defendants in the action in the same manner as a summons, if they be found within the jurisdiction of the court, and a copy thereof shall also be posted in a conspicuous position on the place where such property was seized. If at the time for filing answer said notice has not been duly served, or other sufficient cause appear, the time for answering may be by the court extended, and such other notice issued as will supply any defect in the previous notice and give reasonable time and opportunity for all persons interested to appear and answer. At or before the time fixed by notice, any person claiming an interest in the intoxicating liquors or other property seized may file his answer in writing setting up his claim thereto, and shall thereupon be admitted as a party defendant to the proceedings against such liquor or other property. The complaint or information and answer or answers that may be filed shall be the only pleadings required; and at the time fixed for answer, or at any other time then

42—78 KAN.

to be fixed by the court, a trial shall be had in a summary manner before the court of the allegations of the complaint or information against the liquors or other property seized; and whether any answer shall be filed or not, it shall be the duty of the county attorney to appear and adduce evidence in support of such allegations." (Gen. Stat. 1901, § 2495.)

The prosecuting officers knew that a notice had been issued, and that some date had been named for answer. It is true that the attorney-general did not know the date, but the county attorney was assisting in the prosecution, upon the attorney-general's direction, and it must be presumed that he knew the fact; but, whether known to the prosecuting officers or not, it was a matter incident to the regular progress of the case that could have been ascertained upon inquiry. The fact that the date was omitted from the statement furnished challenged attention and naturally suggested further inquiry.

The statute specifically states that "at the time fixed for answer, or at any other time then to be fixed by the court, a trial shall be had in a summary manner." This gives the court discretion to proceed to the trial on the answer day or to fix a later date. It is true that this discretion should be exercised reasonably, in accordance with the rules of orderly procedure, and not according to the mere arbitrary will of the judge. Various definitions of judicial discretion have been given (4 Words & Ph. Jud. Def. 3855), but it is difficult, if not impossible, precisely to define its limitations. Discretion is the freedom to act according to one's judgment; and judicial discretion implies the liberty to act as a judge should act, applying the rules and analogies of the law to the facts found after weighing and examining the evidence—to act upon fair judicial consideration, and not arbitrarily. When so acting in a matter committed to the discretion of the court by the law the judgment ought not to be overruled by a re-

The State v. Foren.

viewing court, for to do so would be to deny the right to exercise the discretion given by the law itself.

By the mandate of the statute the court was directed to try summarily the issue arising upon the information and the answer, either upon the day fixed for answer or at any other time to be fixed by the court. The time of trial was then to be determined in the discretion of the court. By virtue of the language of the statute the parties knew that the trial might take place on the answer day, if there was no good reason, either in the condition of the docket or situation of the parties, requiring delay. No reason was given to the court for the failure to subpœna witnesses or to procure their testimony. The abstract filed by the state says that the county attorney "stated to the court that these cases had been prepared and filed by the attorney-general, and asked that the time for hearing be postponed until the attorney-general could be notified and witnesses procured." No reason was given why these steps had not been taken before. Some additional reasons are given in the attorney-general's affidavit, read on the motion for a new trial, but they were not presented when the application for delay was made. In that affidavit it is stated that the attorney-general had no personal knowledge of the date fixed for answer, that the witnesses did not reside in Leavenworth county, and that he was taken by surprise. Still no reason was given why the testimony of the witnesses had not been taken or an attempt had not been made to procure their attendance. It will be noticed that the statute requires the prosecuting officer to appear and adduce evidence in support of the allegations that the property was used for the unlawful purpose, whether any answer is filed or not. So it is not necessary to wait for an answer before preparing to make proof. We can not say that the court abused the discretion given to it in ordering the trial to proceed upon the answer day, or in refusing a new trial, although if it had granted the delay

asked no error would have been committed nor injustice done.

It is further urged that upon the proof offered by the county attorney, which was the return showing the seizure of the articles named, a *prima facie* case was made out, and that the order to return the property was erroneous. The issue arising upon the answer was upon the unlawful use of the property. This was affirmed by the information, and denied by the answer. The statute makes the finding of intoxicating liquors in the possession of one not authorized to sell the same, except in a private dwelling-house, *prima facie* evidence that they are kept for sale or use in violation of law. It also provides that the finding of a place fitted up with a bar or counter and other paraphernalia usually connected with places where intoxicating liquors are sold as a beverage, and of a stamp showing payment of the special revenue tax for the sale of intoxicating liquors at such place, is *prima facie* evidence that the person to whom the stamp was issued was maintaining a common nuisance. The sheriff's return, however, did not show the facts necessary to the operation of this statute, and failed to show that the articles seized were used in maintaining a nuisance.

The judgment included not only a finding upon the particular issue tried but also that the defendant was not guilty, and other matters not within this issue, but this is surplusage and will not prevent a trial of the principal issue in the orderly course of practice. The order directing the return of the property seized is affirmed.