No. 40,223

EVELYN ORTIZ, *Appellant*, v. RAFAEL ORTIZ, *Appellee*.

(304 P. 2d 490)

Opinion filed December 8, 1956.

*John W. Sowers,* of Wichita, argued the cause, and *Clarence R. Sowers,* of Wichita, was with him on the brief for the appellant.

*Earl C. Moore,* of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PARKER, J.: On July 24, 1950, in a divorce proceeding there pending, plaintiff Evelyn Ortiz was granted a divorce from the defendant Rafael Ortiz in the district court of Sedgwick County, the decree providing, among other things, that defendant pay plaintiff the sum of $10 per week for the support of their minor child Joyce Ortiz, who, according to the petition, was then twelve years of age. Defendant failed to pay the weekly child support payments as required by the order which, by July, 1955, amounted to approximately $2,755.

Sometime during the spring of 1955, not disclosed by the record, the plaintiff in the divorce action filed a motion in the court where the judgment was rendered asking for a lump sum judgment of the accumulated child support, alleged to be due in the amount of $2,755. In response to this motion the defendant in that action filed an answer stating (1) that he had been ill and unable to make payments; (2) that on March 1, 1952, the daughter Joyce was married to one Joe Ayola, that she had a child of her own and since her marriage had not been living with the plaintiff; and (3) that if plaintiff was entitled to any judgment she must first produce evidence of her outlay made necessary by defendant's neglect of his parental duties. Subsequently defendant filed a motion wherein he moved for an order modifying the child support portion of the original order, again asserted that such child was married and had not lived at home since such marriage, and prayed for an order discontinuing the child support payments and modifying the original order by eliminating all payments due under its terms after the date of such marriage.

Following a hearing on the issues raised by the foregoing pleadings, at which evidence was adduced and arguments were made by the respective parties respecting such issues, the court on July 25, 1955, found (1) that the motion of plaintiff for a lump sum judgment should be overruled; (2) that the motion of defendant to

modify the original order for child support should be sustained; and (3) that all child support should be stricken from the record from March 1, 1952, and rendered judgment accordingly.

Thereupon plaintiff filed a motion for a rehearing and to modify the judgment of the court on grounds such court had erred (1) in refusing her motion for a lump sum judgment and (2) in modifying its prior order and judgment as to past due child support payments, for the reason they become final judgments when and as due and the court had no authority or jurisdiction to retroactively modify or change them. When this motion was denied plaintiff perfected her appeal to this court where the questions, to be presently considered, are properly raised by specifications of error.

At the outset it may be stated the record discloses no conflict in the salient facts upon which the rights of the parties must stand or fall. However, in the interest of clarity reference should be made to certain matters bearing on their decision.

In connection with the facts, and supplementing what has already been related, it is to be noted that from July 24, 1950, to July 25, 1955, there was no change or modification made by the court in the original order; also it is conceded that when the involved change was made the child of the parties was then only seventeen years of age and in view of our statute (G. S. 1949, 38-101), even though married, was still a minor.

Touching the status of the original order, although neither party has seen fit to bring it here for review, it should be noted that no one contends such order contains a provision limiting the support payments to the date on which the child in question should marry; and that under such circumstances we are warranted in assuming that its provisions direct that the payments of child support therein required should be made during the minority of such child (G. S. 1949, 60-1510) or until further orders of the court.

Finally it should be said the record affords no doubt as to the force and effect to be given the terms of the July 25, 1955, order and judgment of the district court. Indeed there is no dispute between the parties with respect thereto. In that decree the trial court refused to grant appellant a lump sum judgment for past due payments due either before or after the marriage of the daughter; it refused to change the original order with respect to payments falling due under its terms from July 24, 1950, to March 1, 1952; it struck from the record all payments falling due under the original order

from March 1, 1952, to July 25, 1955, thus making its order operate retrospectively as applied to such payments; and it changed and modified the previous order with respect to future payments by holding that from and after the date of the involved decree appellee would be relieved from making further payments in the way of child support. Appellant makes no complaint regarding the order as it applies to future payments and appellee has perfected no appeal from the portion thereof relating to unpaid payments up to and including March 1, 1952.

From what has been heretofore related it becomes apparent there are only two questions involved in this appeal. They are: (1) Did the trial court err in refusing to render a lump sum judgment? (2) Is the portion of the order which operates retrospectively erroneous?

The first question above mentioned has been considered and given a negative answer by this court in one of its previous decisions. See *Haynes v. Haynes*, 168 Kan. 219, 225, 212 P. 2d 312, where the appellant insisted the trial court had erred in refusing to determine the total sum owed by the appellee on a child support order and in failing to render judgment against appellee for its amount. In disposing of that question we said the simple answer to appellant's contentions with respect thereto was that she already had a judgment on which she could easily compute the amount due, or claimed by her to be due, and that the trial court was under no obligation to do so. Based on that premise we held, as we do now, that the trial court properly refused to ascertain the total amount of the past due installments and render another judgment thereon.

The second of the involved questions presents a far more serious problem than the first. Even so, based on prior decisions, we think it must be answered in the affirmative.

In *Haynes v. Haynes*, supra, we were confronted with a situation where the appellee was contending child support orders were not final in character and therefore not subject to execution. Touching on that subject, which up to that time had been a matter of doubt, the opinion in that case states:

"Notwithstanding what is said and held in the foregoing decisions, to the effect child support orders were not final in character and therefore not subject to execution, we think it was repudiated in our later decisions and can no longer be regarded as the law of this state. Nothing would be gained by explaining the reasons for the change in viewpoint on the subject or in attempting to reconcile the decisions. It suffices to say that commencing with *Sharp v.*

*Sharp,* 154 Kan. 175, 117 P. 2d 561, this court in clear and unequivocal language announced the rule that installments, decreed in a divorce action, for support and education of the minor children of a marriage, when due and unpaid, become final judgments which may be collected as other judgments and that the statute of limitations begins to run on each of such installments from the period fixed for the payment thereof as it became due. Indicating the reasons for its conclusion this court, in the opinion, said that inasmuch as courts do not have power to modify or change such past due installments it was convinced they could be collected by suit, judgment and execution, the same as past due unpaid alimony installments or other judgments."

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"We are convinced the rule announced in our more recent decisions should not be disturbed. Therefore the trial court erred in holding the unpaid installments in the instant case were not final judgments and in refusing to ascertain whether their status was such that they could be revived as dormant judgments under the provisions of G. S. 1935, 60-3221." (pp. 223, 224.)

And in the same case, based largely on the portion of the opinion heretofore quoted, held:

"Following *Sharp v. Sharp,* 154 Kan. 175, 117 P. 2d 561, and other decisions cited in the opinion, it is *held* (1) the district court is without power to change or modify orders for past-due installments for the support and education of minor children, and (2) such orders, when due and unpaid, become final judgments and may be collected in the same manner as other judgments." (Syl. ¶ 1.)

The rules announced in the decision above cited have been adhered to and applied consistently in our subsequent decisions. See *Teegarden v. Teegarden,* 155 Kan. 195, 124 P. 2d 464, where it is held:

"Where in an action in a district court in this state in which personal service of summons is had upon the husband, the wife is granted a divorce, permanent alimony and custody of a minor child, but no order for its support is made, and where some years thereafter the wife files in the original action an application for a modification of the decree, based on change of circumstances, for an allowance for child support, the court has power to make a modifying order, but that order must be made effective from the date of the modification and not from the date of the original decree or from the time of the changed circumstances — the order must operate prospectively and not retrospectively." (Syl.)

For other decisions of like import dealing with the same subject see, e. g., *Peters v. Weber,* 175 Kan. 838, 267 P. 2d 481; *Andrews v. Andrews,* 171 Kan. 616, 237 P. 2d 418; *Maston v. Maston,* 171 Kan. 112, 229 P. 2d 756; *Anderson v. Anderson,* 155 Kan. 69, 72, 123 P. 2d 315.

In the face of facts as related and the rules established by the

foregoing decisions we have little difficulty in concluding that where all parties involved are subject to the jurisdiction of the court and such court has rendered a judgment against one of them for support money for a minor child, during its minority or until further orders, the party against whom such judgment has been rendered must assume the obligation of stepping out and procuring a modification or change in such order or judgment, otherwise he cannot be heard to say that such support payments do not become final judgments as they fall due in accord with the terms of such decree and cannot be collected in the same manner as other judgments.

In an effort to forestall the foregoing conclusion appellee places great weight on *Cheever v. Kelly,* 96 Kan. 269, 150 Pac. 529, contending it is authority for one of its contentions that, at the most, all the appellant would be entitled to in the instant case, under the original order, would be the amount actually expended by her for the support of the minor child. Appellee's position on this point cannot be upheld. See *Burnap v. Burnap,* 144 Kan. 568, 61 P. 2d 899, where, in rejecting a similar contention, it is said:

". . . In the Cheever case the cause of action for support of minor children was not based on any judgment previously rendered, but was based solely on the father's common-law duty to support his children. In such cases the proceeding is, in its nature, equitable, and the mother can recover nothing except reasonable expenditures made necessary by the neglect of parental duty." (p. 569.)

Finally appellee directs our attention to several cases from foreign jurisdictions holding that marriage of a minor child works an emancipation of such child with the result that thereafter neither the father nor the mother are under any legal obligation to support him. We find nothing in these decisions disclosing that our established rules, respecting the power and authority of the district court to change or modify custody orders for past due installments and the finality of such judgments when such installments are past due, prevail in those jurisdictions. Even so, and assuming they do, we are not disposed to regard them as controlling precedents where the rules, stated in *Haynes v. Haynes,* supra, and our other cited decisions, have application. This conclusion, we may add, is not intended to imply that under the powers conferred by our code of civil procedure a district court cannot make provision in a support order for the cessation of child support payments upon the marriage of a minor child. All it means is that in the absence of such a provision the party charged with the obligation of making the

payments under the terms of the order for the benefit of a minor child must move out and obtain modification or change of such order in order to avoid the force and effect of the rules heretofore considered and discussed.

What has been previously stated makes it appear the trial court properly refused to ascertain the total amount of past due installments under the original support order and render another judgment thereon. The same source discloses that such court erred in sustaining the portion of appellee's motion relating to retroactive modification of such order. Therefore the judgment is sustained in part and reversed in part with directions to set aside all orders relating to the striking of child support from the record from March 1, 1952, to the date of the filing of appellee's motion to modify and change the original order. It is so ordered.