No. 45,960

GRACE LUCILLE THOMPSON, *Appellant,* v. CHARLES W. THOMPSON, *Appellee.*

(470 P. 2d 787)

Opinion filed June 13, 1970.

*Willard L. Phillips,* of McAnany, Van Cleave and Phillips, of Kansas City, argued the cause and was on the brief for appellant.

*James P. Lugar,* of Thompson and Lugar, of Kansas City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: Ten years ago the parties to this appeal were divorced. At that time custody of their children was awarded to the mother. The father was ordered to pay $100 per month for the support of five children. This amounted to $20 per month per child.

On September 18, 1969, the mother (plaintiff-appellant) filed a motion asking the district court to increase the amount of support to be paid by the father (defendant-appellee). This appeal is by the mother from the trial court's ruling on that motion which in pertinent part reads:

"That the defendant should pay to the Plaintiff as and for child support for the minor children $100.00 per month, and this amount shall not diminish upon the emancipation of any one child, but shall remain in force and effect until the last child attains majority or is emancipated. In addition, the defendant is ordered to pay the room, board and tuition, including books, supplies and fees, for any child who desires a college education, even though that child may have first reached the age of majority or was emancipated."

At the time the above order was made the mother was caring for four of the defendant's minor children. The eldest daughter, Ellen Louise, had married. We are informed the daughter, Marilyn Lucille, has married during the pendency of this appeal. This leaves three of the defendant's minor children in the care and custody of their mother.

No question has been raised in this appeal concerning that portion of the order which purports to extend the defendant's duty to pay for college expenses beyond a child's age of majority. See *Allison v. Allison*, 188 Kan. 593, 602, 363 P. 2d 795 and *Herzmark v. Herzmark*, 199 Kan. 48, 56, 427 P. 2d 465, where it was held the responsible parent cannot be required to continue such payments beyond the age of a child's majority.

The appellant attacks the trial court's order on two grounds. First, the trial court abused its discretion in allowing the sum of only $100 per month for the support of four minor children and second, the trial court abused its discretion in not allowing an attorney fee for appellant's counsel.

A district court has continuing jurisdiction to change or modify an order made in a divorce action concerning the custody and support of minor children when the facts and circumstances make modification proper. Such matters rest in the sound judicial discretion of the trial court. (*Goetz v. Goetz*, 184 Kan. 174, 334 P. 2d 835; *Herzmark v. Herzmark*, supra; K. S. A. 1969 Supp. 60-1610 [a].) On appellate review the order of a trial court determining the amount of child support should not be disturbed absent a showing of manifest abuse of discretion. (*Brooker v. Brooker*, 199 Kan. 783, 433 P. 2d 363.)

When the controlling evidence in a case is entirely in writing, as in the present case, the evidence provides the trial court with no peculiar opportunity to evaluate the credibility of witnesses. Under such circumstances this court is in as favorable a position as the trial court in deciding what the facts admitted in evidence establish. (*Koch, Administratrix v. Prudential Ins. Co.*, 202 Kan. 229, 447

P. 2d 825.) In deteremining what facts were established in this case we do so to determine if there appears a manifest abuse of discretion by the trial court, not to substitute our judgment for that of the trial court. When an abuse of discretion is manifest under the facts established by the evidence and the law applicable thereto the trial court's order should be set aside.

We will narrate the facts contained in the record before us.

The parties were married in 1949 and the father thereafter attended college and law school. In 1960, when the divorce was granted and child support ordered, the father was beginning to establish a law practice. His earnings were not substantial. The mother was then receiving a substatial income, approximately $800 to $900 per month, from funds or property which originated from her family. Most of the property owned by the parties at the time of the divorce was awarded to the mother. The source of that property is not clearly shown in the record. At the time the district court entered its original award for child support the parties had five children, ranging in ages from nine to three years. The cost of supporting children in this age group is not great in comparison to the cost in the later years of minority.

During the ten years which followed the father continued making these payments.

Certain changes have occurred during this period. At the time of the court's ruling on the motion there were four minor children in the custody of their mother. The ages of these four children ranged from seventeen to thirteen years of age. The father has established a substantial law practice during this period of time. The year before the motion was heard his net income from the practice of law was $40,928 before taxes. After payment of taxes his available income in that year was $22,265. The record indicates that he has substantially exceeded this amount of income in at least one prior year.

After the divorce was granted the mother remarried and now has three children by her second husband. Her second husband has sufficient financial means to provide for the comforts of life of the entire family including the defendant's children. However, the mother's separate income has decreased to $3,600 per year. In her affidavit the mother listed the children's monthly expenses for food, school expenses, school lunches, medical expenses, clothing, laundry, dry cleaning, transportation, personal allowances and inci-

dental expenses. Disregarding other costs, such as dental braces for the children's teeth, eye glasses, taxes on their home and the cost of utilities in the home, the proportionate cost of support of these children amounts to approximately $137.50 per month per child.

Although the father takes issue with the amount of taxes and utilities for the $75,000 home provided by the mother's second husband, he does not contend the $100 allowance will cover his children's expenses. The thrust of his argument is that the children are being adequately cared for by the mother and her second husband.

A stepfather has no legal duty under K. S. A. 60-1610 (a) to support a stepchild. (*Zeller v. Zeller*, 195 Kan. 452, 456, 407 P. 2d 478.) Under the statute the court may require either the father or the mother or both to furnish care, support and education for their children. However, when the father's income and property are substantial, as in the present case, and the mother is devoting her full time to the care of her household, the primary duty of support remains with the father. (*Effland v. Effland*, 171 Kan. 657, 666, 237 P. 2d 380.) Although the mother and others may be supporting the children this does not diminish or suspend the obligation of the father to support his children. (*Rogers v. Rogers*, 93 Kan. 114, 143 Pac. 410; *Rowell v. Rowell*, 97 Kan. 16, 154 Pac. 243; *State v. Waller*, 90 Kan. 829, 136 Pac. 215.) It is generally recognized that gratuitous contributions from relatives, friends, charities, governmental agencies or a stepfather will not reduce or diminish the father's obligation to furnish child support. (See 1 ALR 3d 324, 346 and cases cited therein.)

In the original property settlement agreement, which was approved by the trial court and made a part of the decree of divorce in 1960, it was agreed by the parties that the father would pay $100 for the support of the five minor children. The property set over to the mother was not designated for the support of the children. There can be no contractual agreement with the mother which will legally reduce or terminate a father's continuing obligation to support his children. (*Grimes v. Grimes*, 179 Kan. 340, 343, 295 P. 2d 646.)

In addition to the $100 per month the father has purchased riding horses for the children, has given them birthday and Christmas presents and has provided entertainment. The love and concern shown by such gifts is commendable. We do not wish to detract

from such acts of love and concern by a father for his children. We merely say these expenses are not necessities and do not fall in the category of the normal support which can be required of a parent by the courts. Such gifts emanate out of a father's love for his children and not from his duty to support them.

It is always difficult to determine when an abuse of discretion is manifest in an order of a district court. In *State v. Foren,* 78 Kan. 654, 97 Pac. 791 it was said:

". . . Various definitions of judicial discretion have been given [citation], but it is difficult, if not imposible, precisely to define its limitations. Discretion is the freedom to act according to one's judgment; and judicial discretion implies the liberty to act as a judge should act, applying the rules and analogies of the law to the facts found after weighing and examining the evidence—to act upon fair judicial consideration, and not arbitrarily. . . ." (p. 658)

In making the support order with which we are concerned the district judge disregarded the evidence which established the reasonable cost of supporting the defendant's children. The cost amounted to more than $137.50 per child. An award of $25 per child was entered. This was only slightly more per child than the amount set ten years before. The children have reached the later years of their minority. The change in financial circumstances of the mother and of the father indicates the father's burden of support should have been increased. Since all the evidence introduced at the hearing was in the form of affidavits this court is in as favorable a position to determine the facts as the trial judge. The award appears grossly inadequate. Although no reasons are stated in the support order for continuing the amount at $100 per mounth, or $25 per month per child, it becomes manifest from the record before us that the trial judge did not properly apply the rules of law which govern the allowance for child support and which we have set forth in this opinion. Failure of the trial judge in this regard indicates a manifest abuse of discretion.

Two other matters deserve comment.

The appellant has requested that this court fix a reasonable amount for support.

We know of no case, and appellant has cited none, in which this court has fixed the amount of support for minor children. Such an order is subject to change by the district court. The enforcement of the order necessarily must rest with the district court. There is nothing in the record to indicate bias or prejudice on the part of the trial court. No request for disqualification was made. We

believe the appellant's motion for an increase in support payments can be fairly heard and determined in the district court.

The case of *Longo v. Longo*, 193 Kan. 386, 395 P. 2d 302, cited by appellant, is not in point. It concerns a lump sum alimony award to the wife which was increased on appeal. Because of the continuing jurisdiction which the district court has over a support order we do not consider *Longo* adequate authority for us to set the amount of child support to be paid in the present case.

The second matter deserving comment relates to attorney fees.

The allowance or disallowance of an attorney fee to the mother in the district court for litigating a motion to increase child support is within the sound discretion of the trial court. (*Herzmark v. Herzmark*, supra.) The mother is not entitled to an allowance for attorneys' fees as a matter of right. (*French v. French*, 171 Kan. 76, 82, 229 P. 2d 1014.)

In the present case the mother has independent income. The proceedings were initiated by her. In light of the record before us we cannot say an abuse of discretion is manifest by the refusal of the district court to allow an attorney fee to the mother.

The order of support entered on November 3, 1969, is set aside and the case is remanded to the district court for further proceedings to determine a reasonable amount to be paid by the defendant for the support of his children in accordance with the views expressed herein.