No. 46,357

MARY E. WILSON, *Appellant,* v. KENNETH LEROY WILSON, *Appellee.*

(497 P. 2d 116)

Opinion filed May 6, 1972.

*Donald B. Clark* and *Robert T. Cornett,* both of Wichita, were on the brief for the appellant.

*Jerry L. Griffith* and *Arnold M. Mize,* both of Derby, were on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This appeal is from an order terminating child support payments for two minor children, ages 9 and 7 years.

A divorce was granted and custody of the two children was awarded to the plaintiff mother on April 29, 1969. At that time the defendant father was ordered to pay $200 each month to support his two sons. On November 4, 1970, the father filed a motion asking for an order reducing the amount. He had suffered an illness and a reduction in income. On December 9, 1970, after hearing the motion, the district judge terminated all child support payments until further order.

On appeal the mother asserts the trial court abused its discretion in terminating the child support payments since the mother's earnings were insufficient to support herself and the minor children, and the father was both willing and able to pay $25 a week for child support.

At the time of the divorce the parties were in modest circumstances. The father was an engineer earning $800 to $1,000 per month. The mother was awarded the residence and household goods and was ordered to pay outstanding mortgages. In addition she received an automobile and garden equipment, together with her personal clothing and effects. The father received the balance

of property consisting of an automobile, camper trailer, utility trailer, power tools, stereo, adding machine and clock radio, together with his books, clothing and personal effects. No alimony was ordered.

When the motion to reduce support payments was heard, a substantial change in circumstances had occurred. The father had been released from the Larned State Hospital but was still under a doctor's care because of mental health. He no longer was employed as an engineer. He was employed as a farm hand and was earning approximately $60 per week in take home pay.

The mother was teaching school and earned $340 per month. The mortgage payments on the residence amounted to $130 per month, leaving a net figure of $210 per month with which to support herself and two minor children.

On the hearing of the motion the attorney for the father stipulated in open court as follows:

". . . If the fact was known he [the father] has no money for support. He is willing and can, he thinks, pay twenty-five dollars a week for these children or one hundred dollars a month. We realize that is a reduction of one-half support to the plaintiff and these two children, but he simply can't stay out of contempt otherwise, your Honor, with the present set of facts.

"We are asking the support be reduced to twenty-five dollars a week and hope he can comply. This will depend on future medical problems and what his doctor thinks should be done with him.

"I know Mrs. Wilson—we have been friends for a number of years. I think she is employed and I don't even know if this is objectionable to her. We will just have to hear from that side of it."

Mrs. Wilson objected to any reduction in the support payments. It was then stated by counsel for the father that the grandparents had borrowed the money to comply with the $200 per month support order and that they could no longer borrow money for that purpose. The father stated he was not disabled and was capable of working but could not pay $200 per month at that time.

Thereupon the trial judge ruled from the bench that support payments be terminated until the father becomes gainfully employed. The term "gainfully employed" was not further delineated by the judge.

We are aware of the rule that on appellate review the order of a trial court determining the amount of child support should not be disturbed absent a showing of manifest abuse of discretion. (*Thompson v. Thompson*, 205 Kan. 630, Syl. ¶ 1, 470 P. 2d 787.)

However, judicial discretion is not without limitation for it implies action after a fair judicial consideration of the applicable law, an examination of the evidence and the application of the law to the facts found. Although discretion is the freedom to act according to judgment its exercise should be reasonable and not arbitrary. (See *State v. Foren*, 78 Kan. 654, 658, 97 Pac. 791, and *Thompson v. Thompson*, supra.) It is generally understood that although the mother and others may be supporting the children this does not suspend the obligation of the father to support his children to the extent possible in view of his income and property. (See 1 A. L. R. 3d 324, 346, and *Thompson v. Thompson*, supra.)

On the basis of the evidence in this record the defendant father was earning $60 per week in take home pay. He had some prospects for a higher paying job. Through his attorney the court was advised that he was willing to pay $25 per week toward the support of his children. Neither in his motion nor during the hearing did he request that support payments be terminated entirely.

We are forced to conclude that at the hearing on the motion to reduce child support payments there was not the careful and conscientious consideration of all material factors making it possible for the trial court to exercise sound judicial discretion in the premises. Under the facts and circumstances disclosed by the record the trial court abused its discretion in terminating child support payments entirely. The trial court's order is reversed.

Approximately a year and a half have expired since the order terminating support was entered. We did not have the benefit of oral arguments on appeal. We are not aware of possible changes in the facts and circumstances of the parties. As stated in *Thompson v. Thompson*, supra, we know of no case, and appellant has cited none, in which this court has fixed the amount of support for minor children. Such an order is subject to change by the district court. The enforcement of such an order necessarily must rest with the district court.

The order of the district court terminating all child support payments on December 9, 1970, is reversed. The case is remanded to the Administrative Judge of the Eighteenth Judicial District of Kansas with directions to assign the case to a different division of the court for further proceedings as soon as compatible with due process and proper procedure.