(982 P.2d 406)
No. 82,074

In the Matter of the Marriage of DONNA J. SCHOBY, *Appellee,* and DAVID SCOTT SCHOBY, *Appellant.*

Opinion filed July 23, 1999.

*Mark Edwards*, of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, of Junction City, for appellant.

*Charles W. Harper*, of Harper, Hornbaker, Altenhofen & Opat, Chartered, of Junction City, for appellee.

Before MARQUARDT, P.J., RULON and KNUDSON, JJ.

KNUDSON, J.: David Scott Schoby appeals from the trial court's order declining to terminate Schoby's child support obligation upon the marriage of his 16-year-old son, Michael. Schoby contends child support for Michael automatically terminated at the time of Michael's marriage under the express terms of the underlying property settlement agreement.

The controlling facts are not in dispute. David and Donna J. Schoby were divorced in 1994. Their property settlement agreement approved by the trial court provides child support will continue until a minor child reaches the age of 18, *marries*, becomes legally emancipated, or dies. Subsequently, the trial court did modify David's monthly child support obligation but specifically provided that "[a]ll other orders with regard to said minor children remain in full force and effect."

The narrow question presented on appeal is whether David's obligation to pay child support for Michael terminates as a matter of law upon Michael's marriage. On appeal, David makes no suf-

ficiency of the evidence argument as to the trial court's conclusion that Michael's marriage did not result in emancipation.

K.S.A. 1998 Supp. 60-1610(a)(1) requires that child support shall at the very least be paid until a child reaches 18 years of age. In *Thompson v. Thompson*, 205 Kan. 630, 633, 470 P.2d 787 (1970), the Supreme Court held that there can be no contractual agreement in a divorce action that reduces or terminates a parent's legal obligation to pay child support. We also note that accrued child support cannot be modified under K.S.A. 60-260(b)(6) and that prospective unpaid child support payments can only be modified by proper motion under 60-1610(a). *Brady v. Brady*, 225 Kan. 485, 492, 592 P.2d 865 (1979).

In *Ortiz v. Ortiz*, 180 Kan. 334, 339-40, 304 P.2d 490 (1956), the Supreme Court held that marriage of a minor child does not, as a matter of law, emancipate such child. However, the court also stated:

"This conclusion, we may add, is not intended to imply that under the powers conferred by our code of civil procedure a district court cannot make provision in a support order for the cessation of child support payments upon the marriage of a minor child. All it means is that in the absence of such a provision the party charged with the obligation of making the payments under the terms of the order for the benefit of a minor child must move out and obtain modification or change of such order in order to avoid the force and effect of the rules heretofore considered and discussed." 180 Kan. at 339-40.

In *Patrzykont v. Patrzykont*, 7 Kan. App. 2d 533, 535, 644 P.2d 1009 (1982), a panel of this court stated:

"[I]n the absence of wording in the decree to the contrary, the obligation of support is not terminated by the marriage and motherhood of the minor child. [Citation omitted.] Thus, emancipation does not necessarily terminate the obligation of support and would be an inappropriate event for justifying automatic termination by the parents without sanction of the court."

Arguably, the above dicta in *Ortiz* and *Patrzykont* may be read to support David's argument. There was a property settlement agreement adopted by the trial court that specifically provided for termination of Michael's child support upon his marriage. Nonetheless, we are not persuaded Michael's child support should be terminated as a matter of law.

First, the right of a child to support from his or her father cannot be taken away or unfairly diminished by an agreement between the divorcing parents. *Thompson v. Thompson,* 205 Kan. at 633 (citing *Grimes v. Grimes,* 179 Kan. 340, 343, 295 P. 2d 646 [1956]). Second, the public policy of Kansas is stated in 60-1610(a) and specifically provides for the payment of child support until a child reaches 18 years of age. An order of a district court providing for automatic termination upon emancipation or marriage of the child would be no less contrary to public policy. We know of no circumstance short of death of the parent obligor or the child that calls for automatic termination of child support before a child reaches 18 years of age. We conclude that if termination is appropriate, the parent obligor must seek prospective termination by filing a motion under 60-1610(a). Accordingly, we affirm the judgment of the trial court.

Affirmed.

MARQUARDT, J., dissenting: I respectfully dissent from the majority's holding.

K.S.A. 1998 Supp. 60-1610(a)(1) states: "The court shall make provisions for the support and education of the minor children." In *Jungjohann v. Jungjohann,* 213 Kan. 329, 333, 516 P.2d 904 (1973), the court stated that " '[i]nfancy is a status which is created by the law and may be subject to statutory limitations or exceptions' " (quoting 42 Am. Jur. 2d, Infants § 1). Quoting the author's commentary in 1 Gard's Kansas C. of Civ. Proc. Annot. § 60-1610 [a], p. 207 (1973 Supp.), our Supreme Court stated: "The statute contemplates that such provision for the children is to be made only during their minority." 213 Kan. at 334-35. K.S.A. 38-101 defines the period of minority as:

"The period of minority extends in all persons to the age of eighteen (18) years, except that every person sixteen (16) years of age or over who is or has been married shall be considered of the age of majority in all matters relating to contracts, property rights, liabilities and the capacity to sue and be sued."

In the instant case, the child is over 16 years of age and is married. In addition, the parties' settlement agreement stated that child support would cease when the child married. This settlement

agreement was incorporated into the divorce decree and became the order of the court. David Schoby filed a motion to adjust his child support obligation. It was ruled on by the court on March 12, 1998. When the court modified David Schoby's child support obligation, it stated: "All other orders with regard to said minor children remain in full force and effect, except the contribution of the parties to the medical and dental expenses . . . ." This left the order terminating child support upon the child's marriage a part of the court's order.

After the March 1998 order was entered, David Schoby learned that his son, Michael Schoby, had married on July 17, 1997, with the permission of his mother, who was present at the ceremony. On May 15, 1998, David Schoby filed a motion to adjust child support "[t]o reflect that since August 1, 1997, the Respondent has not been legally required to financially support Michael Scott Schoby." The district court denied David Schoby's motion, stating: "Michael Scott Schoby remains a minor in the eyes of this Court and in accordance with the laws of the State of Kansas." David Schoby appeals.

In this case, the divorcing parents are not taking away or unfairly diminishing Michael's support by their agreement; they are terminating child support because of Michael's marriage, the law defining minority, and the court's order.

The child support obligation should have terminated on the date of Michael's marriage. The district court's order should be reversed.