NOT DESIGNATED FOR PUBLICATION

No. 113,026

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

SHANE K. OWENS
*Appellee*,

and

MONICA L. OWENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; CHARLES M. HART, judge. Opinion filed October 2, 2015. Reversed and remanded.

*Jennifer A. Wagle,* and *Stephen M. Turley* of Cleary, Wagle & West of Wichita, for appellant.

*Michael P.* Whalen, of Law Office of Michael P. Whalen, of Wichita, and *Cami R. Baker* and *Josh Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellee.

Before MCANANY, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*:  This appeal questions the qualifications and role of a limited case manager (LCM) in child custody proceedings. Because we find the court-appointed LCM was statutorily unqualified to serve as an LCM, we reverse and remand for further proceedings.

*The procedural history of the case.*

The facts are well known to the parties, and we see no need to recite them in detail here. Suffice it to say that Shane K. Owens and Monica L. Owens were married, had two children, divorced, and reached an initial agreement resolving all custody, residency, parenting time, and child support issues involving the two minor children. The parties had joint legal custody of the children. Monica was to provide their primary residence, and Shane was granted parenting time.

Thereafter, Shane filed a motion to modify the children's primary residence. On April 4, 2013, the district court ordered the parties to enter into limited case management and appointed Ronda Welsh as the LCM. The district court ordered her to address certain issues including custody or residency, parenting time, and parenting issues. The parties reached temporary agreements, and the district court entered temporary orders granting Shane primary residential custody and granting Monica parenting time.

The LCM later submitted her report to the district court recommending that the parents continue to have joint custody of the children and that Shane continue to provide residency for the children.

Monica objected to the LCM's report and recommendations and filed a motion to disqualify the LCM. The district court scheduled a hearing and notified the parties he would use "the Standard of Review as set forth in the [*In re Marriage of Gordon Hanks*, 27 Kan. App. 2d 987, 10 P.3d 42, *rev. denied* 270 Kan. 898 (2000),] case, with the objecting party, Respondent, Monica L. Owens, having the ability to thoroughly attack the credibility" of the LCM. That case found the decision to grant or deny a motion to remove a case manager is clearly committed to the discretion of the court and ought not to be overruled absent evidence of abuse of discretion. *Saucedo v. Winger*, 252 Kan. 718, 729-30, 850 P.2d 908 (1993) (citing *State v. Foren*, 78 Kan. 654, 658-59, 97 P. 791

2

[1908]); *Gordon-Hanks*, 27 Kan. App. 2d at 991. It also held that the disagreeing party bears the burden of proving the case manager's recommendation to be erroneous or inappropriate. *Gordon Hanks*, 27 Kan. App. 2d at 994.

The district court adopted the parties' factual stipulations. At the hearing, Monica questioned the LCM about her qualifications and other matters, and Monica herself testified.

The district court held that Shane should continue to provide residency for the children as the LCM recommended. The district court noted that typically, "court proceedings would not be transpiring with the limited case manger proceeding, which did occur" in this instance. The district court found that the LCM "appropriately reviewed all information presented to her by the parties," and "was subjected to extensive examination and cross-examination by the parties' respective counsel."

The district court then addressed the statutory factors district courts must consider in determining the issues of child custody, residency, and parenting time, see K.S.A. 2014 Supp. 23-3203(a) - (k), stating:

> "The Court finds the limited case manager applied the factors, plural, in 10 different recommendations, not just to No. 2 regarding residency and parenting time.

> "The Court finds the limited case manager applied the statutory factors to the multiple recommendations.

> . . . .

> "The Court finds the limited case manager's report to be thorough and well thought out with well-reasoned and appropriate recommendations.

"This Court does not set aside the recommendations of the limited case manager, but, rather, adopts the same for being well-founded for the reasons previously set forth."

Monica argues the LCM was not qualified under K.S.A. 2014 Supp. 23-3508(d), and that the district court therefore erred by adopting her recommendations.

*Our standard of review*

This issue involves interpretation of statutes and local rules, so is a question of law subject to unlimited review. *Cady v. Schroll*, 298 Kan. 731, 734, 317 P.3d 90 (2014). The most fundamental rule of statutory construction is the intent of the legislature governs if that intent can be ascertained. An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind the clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Cady*, 298 Kan. at 738-39.

*Did the statutory qualifications apply to the LCM?*

Since 2012, the relevant statutes have required the following qualifications for appointed case managers:

"To qualify as an appointed case manager, an individual shall:

"(1) (A) Be currently licensed in Kansas as a licensed psychologist, licensed masters level psychologist, licensed clinical psychotherapist, licensed professional counselor, licensed clinical professional counselor, licensed marriage and family therapist, licensed clinical marriage and family therapist, licensed master social worker or licensed specialist social worker;

4

"(B) be currently licensed to practice law in Kansas and have at least five years of experience in the field of domestic relations law or family law; or

"(C) be a court services officer and have training in domestic relations cases as prescribed by the district court in which the case is filed;

"(2) be qualified to conduct mediation;

"(3) have experience as a mediator;

"(4) attended one or more workshops, approved and as ordered by the district court in which the case is filed, on case management; and

"(5) complete a minimum number of continuing education hours regarding case management issues or abuse and control dynamics issues as established and approved by the supreme court." K.S.A. 2014 Supp. 23-3508(d).

The district court entered its order for limited case management in this case in April of 2013, on which date this statute was applicable.

Shane contends that the LCM was not appointed case manager under the Kansas statute but was instead appointed under a local rule which did not contain any qualification requirements. When the qualifications of the LCM were challenged below, the district court so held.

The local rule the court alluded to, Local Rule 14 of the Thirteenth Judicial District, provided:

"When the district court refers a legal matter for limited case management, (LCM) it is generally contemplated that whenever applicable the specific statutory directives and procedures set forth in K.S.A. 23-1001 et. seq. as amended shall apply.

5

"To clarify and supplement the case management statutes, the following local rule is promulgated:

"A.     Definition of Limited Case Management: Limited case management, formerly known as Dispute Resolution Counseling (DRC), operates identically to case management except for the following:

"1.     In limited case management, the Court only assigns certain specified issues to the case manager.

"2.     In limited case management, the recommendations of the case manager do not become the order of the Court except as otherwise stated in this local rule.

"3.     In limited case management, the assignment to limited case management ends when a written agreement has been approved by the parties, or when the case manager files recommendations as to the issues specified by the Court. The Court at any time, upon motion of a party, or on the Court's own motion, may terminate all or part of the assignment."

The Local Rule was enacted prior to July of 2012 and referred to K.S.A. 23-1001 *et seq.*, which did not require a case manager to be licensed as an attorney or as a psychologist, or to be a case worker, as required by K.S.A. 2014 Supp. 23-3508(d)(1) (A), (B), and (C). See K.S.A. 23-1002 (d) (requiring only that appointed case managers be qualified to conduct mediation, have experience as a mediator, attend a workshop on case management, and participate in continuing education regarding management issues).

We do not agree that the LCM was appointed case manager solely under the Local Rule to the exclusion of the Kansas statute. That assertion contradicts the plain language of the district court's order for limited case management in this case, which provides: "The parties shall enter into limited case management *consistent with K.S.A. 23-3507 et seq.* with Ronda Welsh." (Emphasis added.) That statutory reference would obviously

6

include K.S.A. 2014 Supp. 23-3508(d), which states the required qualifications for case managers.

But even had no reference to that statute been made in the relevant order, the statute was in effect at the time Welsh was appointed as LCM. Shane fails to show that a local rule trumps a conflicting state statute or that the statutory qualifications for appointed case managers do not apply to LCMs. We do not believe such a reading of the statute would be reasonable. As the 2012 amendments to K.S.A. 23-3508 state: " (e) On and after September 1, 2012, *any case manager* appointed by the court prior to, on or after July 1, 2012, shall meet the requirements of subsection (d)." Welsh was appointed as an LCM on April 4, 2013, and falls within the term "any case manager." Although her *role* may have been circumscribed by Local Rule, the required *qualifications* to act as a case manager were not. Accordingly, we find that the terms of the statute applied to Welsh's appointment as LCM, and the district court erred in finding she did not need to be qualified in accordance with K.S.A. 2014 Supp. 23-3508(d).

The parties note that on July 1, 2014, the Thirteenth Judicial District repealed Local Rule 14 and enacted Local Rule 15. That rule provides a process for "limited parenting coordination" and states that the persons conducting such coordination do not need to satisfy the professional qualifications for case managers under KSA 2014 Supp. 23-3508(d)(1) or under former Local Rule 14. We do not address the effect of Local Rule 15 here, as it did not apply to Welsh's appointment.

*Was the LCM qualified as the statute requires?*

Shane contends that an LCM is qualified if she meets subsections (2) through (5) of K.S.A. 2014 Supp. 23-3508(d). But in so doing, he ignores the conjunctive "*and"* between subsections (4) and (5) of the statute. The plain language of the statute requires that a case manager must meet the requirements of all 5 subsections. *i.e*., (1)(A) or (1)(B)

7

or (1)(C), and (2) and (3) and (4) and (5). Thus the statute requires a case manager to be: licensed in one of the specified areas, licensed to practice law, *or* a court services officer. K.S.A. 2014 Supp. 23-3508(d)(1). In addition to one of those three requirements, the case manager must be qualified to conduct mediation, have experience as a mediator, attend approved workshops, *and* complete a minimum number of continuing education hours. K.S.A. 2014 Supp. 23-3508(d)(2)-(5).

At the evidentiary hearing, the LCM testified about her qualifications. She had earned an associate's degree from a legal assistant program, had completed an initial 120 hours of education and training, and had been approved as a mediator by the Kansas Supreme Court. She had participated in continuing education, had seen how negatively the divorce process had affected her own children, and she provided dating and relationship coaching. She testified she did not have a degree of any kind in behavioral science but she had completed a training class to be a relationship coach. She had been appointed in approximately 10 cases per year from the Butler County District Court and had testified in 4 of them. And she had participated in core mediation and domestic mediation training approximately 8 years ago.

Based on that testimony, the LCM met the qualifications of K.S.A. 2014 Supp. 23-3508(d)(2) through (5), yet failed to meet the requisite qualifications set forth in subsections (d)(1). Shane does not contend that the LCM met the requirements of subsection (d)(1). Therefore, the LCM was not qualified to make the recommendations to the district court regarding the residency of the children.

*Did Monica invite this error?*

Shane argues that Monica invited this error by failing to challenge the LCM's qualifications earlier. He contends that Monica agreed to the original appointment of

8

Welsh as the LCM and made no objection to her serving in that role until after the LCM made her recommendations with which Monica disagreed.

Generally, when a party has invited error, he or she cannot complain of the error on appeal. *Thoroughbred Assocs. v. Kansas City Royalty Co.*, 297 Kan. 1193, 1203, 308 P.3d 1238 (2013). But nothing in the record indicates that Monica suggested to the district court that Welsh serve as the LCM in her case or that she had any knowledge of the LCM's lack of qualifications at the time the LCM was appointed. Shane thus fails to show the invited error doctrine applies to these facts.

*Does lack of qualifications constitute harmless error?*

Where, as here, an error implicates a statutory but not a federal constitutional right, the party benefiting from the error must persuade the court that there is no reasonable probability that the error affected the trial's outcome in light of the entire record for the error to be deemed harmless. *State v. McCullough*, 293 Kan. 970, 983, 270 P.3d 1142 (2012). We apply this standard here because Monica has not alleged or shown structural error as to this issue, and she does not assert a due process violation except as to a separate issue relating to the scope of the evidentiary hearing.

Shane, who benefitted from the error here, does not directly contend that the LCM's lack of qualifications is harmless error. Nonetheless, he appears to do so indirectly by asserting that the district court took the following acts:  he conducted an evidentiary hearing regarding the LCM's recommendations; he permitted Monica to challenge the LCM's qualifications, conclusions, and factual findings; and, he made independent findings before adopting the LCM's recommendations.

Having reviewed the record in detail, we disagree. Considering the degree of responsibility the district court delegated to the LCM per Local Rule 14, the shifting of

9

the burden of proof on Shane's motion from him to Monica as a result of the LCM's appointment and recommendations, the weight the district court placed on the LCM's recommendations, and the scarcity of findings made independently by the district court as to the ultimate issues, we find Shane has not met his burden to show that the district court's error in using an unqualified LCM was harmless.

We find it unnecessary to reach the other issues briefed by the parties. We reverse and remand for further proceedings in accordance with this opinion.