NOT DESIGNATED FOR PUBLICATION

Nos. 123,287
123,288

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES MICHAEL CARSON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed November 12, 2021. Affirmed.


Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).


Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM: Defendant James Michael Carson appeals the Sedgwick County District Court's decision to revoke his probation in two cases. He contends the district court abused its discretion by imposing the underlying prison sentences rather than continuing him on probation. Carson's appellate lawyer moved for summary disposition of the appeal under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). We granted the request. We find no basis to upset the district court's decision and affirm.

In two cases filed in 2018 and 2019, Carson pleaded guilty to three felony offenses: possession of methamphetamine, theft, and fleeing or attempting to elude a law

1

enforcement officer. Based on the sentencing recommendations of the parties, the district court ordered Carson to serve probation in both cases but ordered the underlying prison sentences to run consecutive, yielding a controlling term of 40 months.

Three months into the probation, Carson admitted to violating the conditions of his probation by failing to participate in drug treatment. He waived his right to a hearing and consented to a 48-hour jail sanction. A month later, Carson's probation officer alleged that Carson had violated the conditions of his probation by failing a drug test, failing to report as required, and again failing to participate in drug treatment. Approximately a year after sentencing, Carson's probation officer alleged that Carson had committed domestic battery.

Carson waived his right to an evidentiary hearing and admitted to the alleged violations. With respect to the domestic battery allegation, Carson admitted to the circumstances for the purpose of the violation hearing only. The court followed the parties' recommendations for disposition and extended probation for 18 months and ordered Carson to serve a 60-day jail sanction followed by 4 months of residential placement.

On August 6, 2020, Carson's probation officer filed a warrant alleging Carson committed aggravated escape from custody by leaving the residential facility without permission the previous day. Carson later waived his right to an evidentiary hearing and admitted the violation. He claimed he left the facility because he believed he had contracted COVID-19 and, fearful he might die, wanted to see his family. The court revoked Carson's probation and ordered him to serve the underlying prison terms imposed at sentencing. Carson has appealed. This court ordered the cases consolidated.

Carson challenges the district court's disposition of the probation violation as an abuse of judicial discretion. Once a district court finds a violation of the conditions of

probation, it exercises broad judicial discretion in fashioning a disposition. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused when the district court steps outside the applicable legal framework, relies on facts that are unsupported by substantial competent evidence, or renders a decision properly characterized as arbitrary, capricious or unreasonable in the sense no other judicial officer would come to a like conclusion. See *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1291 (2014). Carson bears the burden of establishing an abuse of judicial discretion. See *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009).

K.S.A. 2018 Supp. 22-3716 provides the legal framework for determining an authorized sentencing disposition following a probation violation. Carson does not dispute the district court's legal authority to revoke his probation nor the court's factual basis for revoking probation. Under K.S.A. 2018 Supp. 22-3716(c)(8)(A), the district court was authorized to revoke probation because Carson admitted to committing a new offense—aggravated escape from custody.

Consequently, Carson's claim that the district court abused its discretion hinges on the reasonableness of the court's decision to revoke probation and to order that Carson serve the underlying prison sentences. Carson, thus, effectively contends no other judge would have done so in these circumstances.

The district court considered Carson's justification for leaving the residential facility and found it wanting. The district court noted that Carson had a history of probation violations, not all of which were technical violations. Considering Carson's history, the court noted that Carson consistently excused his failures on probation. The district court did not dispute that Carson had contracted Covid-19 or that Carson wanted to see his family, but the district court characterized Carson's behavior as impulsive. He did not appear to take his probation obligations seriously and acted without thinking of the consequences—especially when he exposed his family members to COVID-19. The

3

district court characterized Carson's plea that he would do better and be better if given another chance on probation to be nothing more than a repetition of what proved to be empty promises he made in response to the earlier probation violations. In short, the district court concluded Carson's irresponsible conduct throughout his probation clearly warranted revocation and incarceration for the last violation.

When reviewing a district court's exercise of discretion, an appellate court does not substitute its judgment for that of the district court unless no reasonable person would have reached the same decision. See *Thompson v. Thompson*, 205 Kan. 630, 632, 470 P.2d 787 (1970) (applying an abuse-of-discretion standard of review, an appellate court does not substitute its judgment for the trial court's where the judgment is reasonable). The district court's decision to revoke Carson's probation was reasonable under the totality of the circumstances of the case. Accordingly, Carson cannot establish the district court's action constituted an abuse of judicial discretion.

In closing, we mention that the district court also denied Carson's request to reduce the overall term of imprisonment. That, too, is a discretionary judicial call. Although Carson does not specifically refer to that decision in his motion for summary disposition, the district court's decision against any modification, likewise, does not amount to an abuse of discretion for the same reasons the revocation itself does not.

Affirmed.