NOT DESIGNATED FOR PUBLICATION

No. 128,430

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHYWANNA N. MCLEROY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Opinion filed October 10, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PER CURIAM: Shywanna N. McLeroy appeals the district court's decision to revoke her probation and impose her prison sentences. She also appeals the district court's denial of her motion to modify her sentence.

This court granted McLeroy's request for summary disposition of the appeal under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). Finding no abuse of judicial discretion, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

McLeroy pled guilty to one count of aggravated battery and three counts of aggravated endangering a child. The court sentenced McLeroy to a controlling sentence of 42 months but suspended the sentence in favor of 24 months of probation.

Approximately four months after McLeroy's sentencing, the State alleged McLeroy violated her probation. The warrant alleged that McLeroy admitted to using illegal drugs and failed to report to her intensive supervision officer (ISO). At her probation violation hearing, McLeroy admitted the allegations related to using illegal drugs, and the court found that McLeroy had violated the conditions of her probation. The court ordered McLeroy to serve a 2-day jail sanction and extended probation 24 months from the date of the violation hearing. The court ordered McLeroy to serve probation with residential services.

Less than two weeks after the first probation violation hearing, the State filed another warrant alleging that McLeroy failed to report to her ISO and to residential services as directed by her ISO. At her probation revocation hearing, McLeroy again admitted that she violated the conditions of her probation. The district court noted that McLeroy had a substantial history of failing to comply with the conditions of her probation. The court revoked McLeroy's probation and imposed her original underlying prison sentence. When imposing the original sentence, the district court denied McLeroy's request for a sentence modification, finding her conduct on probation did not justify a modification. McLeroy timely appeals.

ANALYSIS

McLeroy has appealed and moved for summary disposition of this appeal under Supreme Court Rule 7.041A. The State responded to the motion, concurring that summary disposition was appropriate. This court granted the motion and ordered the case to be decided without briefing.

Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence rests with the court's discretion. A court abuses that discretion if its decision is based on an error of law or fact or is otherwise arbitrary, fanciful, or unreasonable. McLeroy, as the party contending the court abused its discretion, bears the burden of establishing such abuse. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

McLeroy admitted to violating the conditions of her probation and has not identified a legal or factual error committed by the district. She contends only that the district court should have reinstated her probation, without providing any reasons for her position. Presumably, McLeroy believes that the district court's decision was unreasonable but fails to articulate a reason why it was unreasonable. At the final revocation hearing, McLeroy admitted that she was addicted to drugs and realized her situation while running from the authorities. McLeroy offered no demonstration of steps to combat her addiction or take her probation responsibilities seriously.

The district court reviewed McLeroy's record while being supervised and noted that she continually violated the conditions of supervision by having contact with her victim, by cutting her monitoring bracelet, and by continuing to use drugs and alcohol, even after she pled on this case while awaiting sentencing. The court noted that McLeroy had violated her probation twice within six months of sentencing and much of that time

was spent incarcerated awaiting disposition of the probation violation warrants. The court concluded that McLeroy was not a good candidate for probation.

When reviewing a district court's exercise of discretion, an appellate court does not substitute its judgment for that of the district court unless no reasonable person would have reached the same decision. See *Thompson v. Thompson*, 205 Kan. 630, 632, 470 P.2d 787 (1970) (applying an abuse of discretion standard of review, an appellate court does not substitute its judgment for the trial court's when the judgment is reasonable). Given McLeroy's probation failures within a short period of time, the district court's decision to revoke McLeroy's probation was reasonable. McLeroy provided the court with little evidence that she was able to succeed on probation. Accordingly, McLeroy has not established that the district court abused its discretion in revoking her probation and imposing her underlying prison sentences.

McLeroy also suggests the district court abused its discretion in failing to modify the controlling term of imprisonment at her probation revocation. McLeroy does not provide an argument but indicates that this court lacks jurisdiction to review such a challenge because she received a presumptive sentence.

An appellate court, however, possesses jurisdiction to consider a challenge to the district court's exercise of discretion in refusing to modify an underlying prison sentence after probation revocation. *State v. Weekes*, 308 Kan. 1245, Syl., 1250, 427 P.3d 861 (2018). Nevertheless, McLeroy's failure to provide an argument for an abuse of discretion effectively waives or abandons the issue. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) (raising a point incidentally without providing argument is akin to failing to brief).

The district court concluded that McLeroy had done nothing while on probation to justify a sentence modification. McLeroy does not challenge the district court's legal or

factual basis for denying her motion for sentence modification. McLeroy has failed to carry her burden of proof to show that the district court abused its discretion on this issue.

Affirmed.