(809 P.2d 1251)

No. 65,414

In the Matter of the Marriage of DIANNA G. SCHLETZBAUM, *Appellee*, and ROBERT L. SCHLETZBAUM, *Appellant*.

Opinion filed April 26, 1991.

*Robert F. Duncan*, of Duncan, Senecal & Bednar, Chartered, of Atchison, for the appellant.

*J. David Farris*, of J. David Farris Law Offices, of Atchison, for the appellee.

Before RULON P.J., REES and LEWIS, JJ.

LEWIS, J.: This is an appeal from the decision of the trial court on a motion to increase child support.

The appellant is Robert Schletzbaum, who is the natural father and principal custodian of the two children for whom support is sought. Dianna Schletzbaum is the appellee, the mother of the children, and the party from whom support is sought.

Robert and Dianna were divorced in July 1989. At the time of the divorce, custody of the party's two minor children was awarded jointly, with primary custody being awarded to Robert. Dianna was ordered to pay child support in the amount of $150 per month.

In April 1990, Robert filed a motion to increase child support. An evidentiary hearing was held on this motion. Based upon the evidence presented and upon worksheet "A" prepared by Robert, the Kansas Child Support Guidelines indicated that Dianna should pay child support in the amount of $332 per month. The parties agree that the minimum due under the guidelines was $332 per month.

The trial court chose to ignore the child support guidelines and ordered Dianna to pay child support in the amount of $225 per month, $107 per month less than the amount required by the guidelines. In making this order, the trial court made no specific finding setting forth its reasons for deviating from the amount required by the guidelines and shown on worksheet "A."

Robert appeals the decision of the trial court. He argues that the child support guidelines are mandatory and cannot be deviated from without specific findings of fact being made by the trial court to explain the reasons for its deviation. We agree with Robert's argument, and we reverse the decision of the trial court and remand this case for further proceedings.

The standard of appellate review of a trial court's order determining the amount of child support is abuse of discretion. *Thompson v. Thompson*, 205 Kan. 630, 631, 470 P.2d 787 (1970). "Judicial discretion is abused when judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *Stayton v. Stayton*, 211 Kan. 560, 562, 506 P.2d 1172 (1973).

In the instant matter, we hold that the trial court abused its discretion in not complying with the provisions of Kansas Supreme Court Administrative Order No. 75.

On April 1, 1990, Kansas Supreme Court Administrative Order No. 75 went into effect. The order reads in pertinent part:

"The Kansas Child Support Guidelines are the basis for establishing and reviewing child support orders in the district courts in Kansas, including cases settled by agreement of the parties. *Judges and hearing officers must follow the guidelines.* The Net Parental Child Support Obligation is calculated by completing the Child Support Worksheet (Appendix I).

"The Court shall consider all relevant evidence presented in setting the amount of child support, including but not limited to the Child Support Adjustments set forth in Section E of the Worksheet. The calculation of the respective parental child support obligations in Line D.9. of the Worksheet is a rebuttable presumption of a reasonable child support order. However, the Court shall complete Section E of the Child Support Worksheet listing all relevant Child Support Adjustments. *The Child Support Adjustments shall constitute the written criteria for deviating from the rebuttable presumption. If the Court finds, in the best interests of the child, that the amount of child support as calculated on Line D.9. of the Worksheet to be unjust or inappropriate in a particular case, the Court shall apply the Child Support Adjustments to modify the child support amount.*

"*The Court, in using Child Support Adjustments to modify the child support amount, shall use Section E of the Worksheet to make written findings or specific findings on the record, which shall be included in the journal entry, as to the reasons for any deviation from the Net Parental Child Support Obligation on Line D.9.*

"Pursuant to 45 CFR 302.54, the 'findings that rebut the guidelines shall state the amount of support that would have been required, how the order varies from guidelines, including the value of any property or other support awarded in lieu of support presumed by the guidelines, the justification of how the findings serve the best interests of the child, and in cases where items of value are conveyed in lieu of a portion of the support presumed under the guidelines, the estimated value of items conveyed.' Use of Section E of the Worksheet shall constitute sufficient written findings to comply with this requirement." (Emphasis added.) 1990 Kan. Ct. R. Annot. 56-57.

There is no question but that the guidelines were applicable to the instant matter, and the language in the guidelines is quite specific to that effect: *"Judges and hearing officers must follow the guidelines."* The guidelines are mandatory and must be complied with by the trial court when ruling on child support matters to which the guidelines are applicable.

We hold that the guidelines create a rebuttable presumption for an award of child support. We have further indicated above that the trial court must follow those guidelines. According to the worksheet in the record and by agreement of the parties,

Dianna has a support obligation of $332 per month. Kansas Supreme Court Administrative Order No. 75 requires that the trial court either award the amount established by the guidelines or use Section E of the Worksheet to "make written findings or specific findings on the record, which shall be included in the journal entry, as to the reasons for any deviation from the Net Parental Child Support Obligation on Line D.9."

The trial court in the instant matter did not award as support the $332 presumed proper by the guidelines and did not make the necessary findings to deviate from the amount presumed proper by the guidelines. The findings referred to in Administrative Order No. 75 to support the deviation from the guidelines are mandatory, and their absence in this instance requires that we reverse and remand.

It is not our intent by this opinion to establish the amounts suggested by the child support guidelines as absolute and mandatory in every instance. We hold only that the amount dictated by worksheet "A" and the child support guidelines does create a rebuttable presumption as to the proper amount to be awarded for child support. If the trial court desires to deviate from this rebuttable presumption, it must make the findings referred to and required by Administrative Order No. 75, set forth above. While a deviation from the guidelines is permitted, any deviation from the guidelines made without the findings required by Administrative Order No. 75 is not permitted and is reversible error.

For the reasons set forth above, we reverse the decision of the trial court and remand for proceedings consistent with Administrative Order No. 75 and this opinion.

It has been suggested to us that we direct that another judge should be assigned to hear further proceedings in this matter. We decline to follow that suggestion and are confident that the trial judge who initially heard this motion will comply with this opinion and Administrative Order No. 75.

Reversed and remanded.