(850 P.2d 942)
No. 68,416

In the Matter of the Marriage of Michelle L. Emerson, *Appellant*, and BRAD A. EMERSON, *Appellee*.

Opinion filed April 23, 1993.

*Steven J. Ternes*, of Legal Aid Society, of Topeka, for the appellant.

No appearance by the appellee.

Before LEWIS, P.J., ROYSE, J., and DAVID F. BREWSTER, District Judge, assigned.

LEWIS, J.: This is a domestic relations case. The appellant, Michelle, appeals from the trial court's failure to order the appellee, Brad, to pay child support for the parties' minor child.

Michelle and Brad were married in 1989 and one child was born to that marriage. The child, Emily, is disabled in some manner and, at the time of the divorce, was receiving approximately $310 per month in supplemental security income (SSI) benefits.

The evidence indicated that Brad was incarcerated at the time of the hearing and had little or no income. In addition, the court was advised by his attorney that Brad "has a restitution order during an intensified five year probation period that is probably going to exceed $25,000."

In the face of this evidence, the trial court refused to order Brad to pay child support. The divorce decree states:

"Respondent shall not be ordered to pay child support to the minor child of the parties. The child is presently receiving Supplemental Security Income (SSI) benefits. The Court finds that the child is receiving support from SSI benefits and respondent's obligation to pay child support will be reviewed by the Court after the 1st of January, 1993."

We have no indication that the review mentioned above has taken place or, if it has, what the results were. Brad has not filed a brief with this court.

We reverse and remand for the reasons discussed in this opinion.

## THE GUIDELINES

In reviewing the trial court's decision relating to child support, we find nothing in the record to show that the trial court considered the Kansas Child Support Guidelines (see Supreme Court Administrative Order No. 83 [1992 Kan. Ct. R. Annot. 68]) in reaching its decision.

This court has consistently reversed child support decisions made without reference to the guidelines. We will reverse a trial court's ruling on child support only where it is shown that the trial court has abused its discretion. *Stayton v. Stayton*, 211 Kan. 560, 562, 506 P.2d 1172 (1973); *Thompson v. Thompson*, 205 Kan. 630, 631, 470 P.2d 787 (1970). We have held that a child support order entered without complying with the guidelines is an abuse of discretion. See *In re Marriage of Schletzbaum*, 15 Kan. App. 2d 504, 505, 809 P.2d 1251 (1991).

In *Schletzbaum*, we said that the use of the guidelines was mandatory and required "that the trial court either award the amount established by the guidelines or use Section E of the Worksheet to make written findings or specific findings on the record, which shall be included in the journal entry, as to the

reasons for any deviation from the Net Parental Support Obligation on Line D.9.' " 15 Kan. App. 2d at 507.

In this case, no calculation was made by the trial court of the amount required to be awarded by the guidelines. We assume that this amount was more than zero and that the refusal to order any child support was a deviation from the guidelines. If it was a deviation, it was not calculated in the manner required, and the journal entry contains no findings to justify such deviation. This is reversible error.

"A child support order which deviates from the amount called for by the Kansas Child Support Guidelines and does not set forth the reasons for such deviation in the manner required by Kansas Supreme Court Administrative Order No. 75 (1990 Kan. Ct. R. Annot. 56) is erroneous and will be reversed." 15 Kan. App. 2d 504, Syl. ¶ 4.

We would point out that we are not compelling any specific award of child support in this case. We do, however, require compliance with the guidelines. If the trial court desires to deviate from the presumed amount called for by the guidelines, it must do so in an appropriate manner. It appears to us from reading the record that the trial court reacted in the manner in which it did due to Brad's incarceration, his lack of income, and the heavy restitution required to be paid. We are not holding that those are not appropriate factors that may be considered in deviating from the guidelines. We reverse because the trial court failed to consider those factors within the framework of the guidelines. We remand for a calculation of child support in the manner required by the guidelines. Any deviation from the presumed amount must be justified in the manner required by the guidelines.

## SSI BENEFITS

On remand, the trial court must redetermine the child support due in the manner called for by the guidelines. In doing so, the court must determine what weight, if any, is to be given the $310 in SSI benefits being received by the child. This is an issue of first impression in Kansas, and we shall endeavor to provide guidance to the court on remand.

Our examination of the record indicates that the court may have been considering the SSI benefits received by the child as

a payment which could be credited to any child support obligation. As will be seen, we do not agree with that assumption by the trial court.

In *Thompson v. Thompson*, 205 Kan. at 633, the Supreme Court held:

"Although the mother and others may be supporting the children this does not diminish or suspend the obligation of the father to support his children. [Citations omitted.] It is generally recognized that gratuitous contributions from relatives, friends, charities, governmental agencies, or a stepfather will not reduce or diminish the father's obligation to furnish child support."

Are SSI benefits in the nature of a gratuity from a governmental agency? If so, they may not be considered in determining the obligation of the parent to pay child support.

In *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649 (1975), the Supreme Court dealt with a factual situation in which the father had been ordered to pay $160 per month in child support. In the meantime, he had become disabled and the children were receiving $221.10 per month in disability benefits *as a result of the father's disability*. The father in that case quit paying his child support and argued that he was entitled to be credited with the disability payments being paid to the children. Our Supreme Court agreed with the father's argument and held:

"We hold where a father who has been ordered to make child support payments *becomes totally and permanently disabled, and unconditional Social Security payments for the benefit of the minor children are paid to the divorced mother*, the father is entitled to credit for such payments by the government against his liability for child support under the divorce decree. The father is entitled to credit, however, only up to the extent of his obligation for monthly payments of child support, but not exceeding it." (Emphasis added.) 217 Kan. at 544.

In making its decision, the court likened the social security disability payments to insurance proceeds paid from a policy bought and paid for by the disabled father. The court also reasoned that the disability payments were similar to military benefits paid pursuant to an allotment made by the father for the benefit of his dependents. The court concluded that payments of this nature would discharge a child support obligation.

We conclude that the reasoning of *Andler* is not persuasive in this case. *Andler* dealt with social security disability payments

made as a result of the disability of the obligor father. It dealt with social security payments which were unconditional in the sense that they were related only to the disability of the father and not to the income or other resources of the children. *Andler* does not control where social security payments are not unconditional and are not directly traceable to the obligor father. We construe *Andler* as being limited to social security disability payments and military allotments which are specifically mentioned in the opinion.

SSI payments are an entirely different species of social security payments. They are paid to the disabled person based on that person's disability and individual financial situation. They are not unconditional and they are not related to the account, activities, or disabilities of any of the recipient's family, including a spouse or parents. Further, these payments are reviewed on a periodic basis and will be discontinued if the individual's income or financial situation rises above a certain level. See 42 U.S.C. § 1381 *et seq.* (1988).

In this case, the child is receiving SSI payments because of her own disabilities and based on an evaluation of her own income and resources as well of those of her family. See 42 U.S.C. § 1381 *et seq.* These payments are in no way similar to the disability payments which were discussed in *Andler*.

As we understand the SSI benefits program, it is designed to supplement the income of an aged, blind, or disabled person on the basis of that person's income and resources. See 42 U.S.C. § 1381a (1988). The payment is only forthcoming when the disabled person's income and resources are insufficient to provide for that individual's special needs. When the recipient of SSI benefits is a disabled child, the payment is designed to supplement the income and the resources available to that child. These resources include the income or support the child receives or may expect to receive from an absent parent. 42 U.S.C. § 1382a(b)(9) (1988). It is only when the income available to the child falls below a certain level that eligibility attaches. In other words, SSI benefits are designed to supplement those resources available to the child and is only forthcoming where those resources are insufficient. The support of the child by the parents is considered in determining eligibility.

When looked at under the circumstances described, we conclude that the fact that a child is receiving SSI benefits may not be considered in determining the proper support under the guidelines. Neither is the receipt of SSI benefits grounds to reduce the support being paid. In determining eligibility for SSI benefits, the child's sources of support have presumably been disclosed and found wanting. If the support due under the guidelines were permitted to be reduced by the amount of SSI benefits being paid, it would mean that income being received because the child's sources of support were insufficient would be used to compound that insufficiency. We conclude that, due to the nature of the SSI payment, it is not a factor which may be considered in setting child support under the guidelines.

Decisions of several of our sister states are in accord with the position we take in this matter.

In *Oatley v. Oatley*, 57 Ohio App. 2d 226, 387 N.E.2d 245 (1977), the Ohio court dealt with a motion to modify child support. The father of the minor child involved sought to reduce the child support which he had been ordered to pay by proving that the child was now receiving SSI benefits. The Ohio court held that the fact that the child was receiving SSI benefits could not be used as grounds to modify or reduce the father's support obligation. The court explained its reasoning as follows:

"We find that plaintiff is misinterpreting the relationship between his support obligation and the supplemental security income. The supplemental income payments are intended to insure a minimum level of income for persons who are over age 65, or blind, or disabled, who do not have sufficient income and resources to maintain a standard of living at the established federal minimum income level. Title 42, Section 1381, U.S. Code; 20 C.F.R., Section 416.110. The amount of supplemental income an eligible individual will receive is based on his income and resources. Title 42, Section 1381a, U.S. Code. In calculating an individual's income, if the individual is a child the support he receives from an absent parent is to be considered. Title 42, Section 1382a(b)(9), U.S. Code. There is a redetermination of eligibility and the amount of benefits at frequent intervals. Title 42, Section 1382(c)(1); 20 C.F.R., Section 416.222. The supplemental security income payments are intended to supplement other income, not substitute for it. The amount of supplemental security income received is modified as the amount of the recipient's other income changes, not vice versa." 57 Ohio App. 2d at 227-28.

There are similar decisions in *In re Marriage of Thornton*, 802 P.2d 1194 (Colo. App. 1990); *Anderson v. Powell*, 235 Ga. 738, 221 S.E.2d 565 (1975); and *Nelson v. Nelson*, 454 N.W.2d 533 (S.D. 1990). These decisions all hold that the receipt by a minor child of SSI benefits does not reduce or affect the obligation of a parent to pay child support.

Our research has revealed only one case which is apparently contrary to the rule cited above. In *Velez v. Velez*, 552 So. 2d 1271 (La. App. 1989), the Louisiana court permitted a father to receive credit for SSI payments received by the minor child. The opinion of the court does not elaborate on the basis for its decision, but it does appear to be a contrary decision. We decline to adopt the decision of the Louisiana court.

We adopt the rule heretofore adopted in the states of Ohio, South Dakota, Colorado, and Georgia. We hold that SSI benefits being received by a minor child may not be claimed as a credit towards the payment of court-ordered child support. In addition, we hold that the amount of SSI benefits cannot be considered by the court in determining presumptive support due under the guidelines. Finally, we conclude that the fact that a child may be receiving SSI benefits may not be used as a ground to modify an earlier award of support.

As a caveat, we suggest that, in the interest of fairness, if the evidence shows that there are specific and identifiable expenses which the SSI benefits are designed to pay, these expenses should likewise be excluded in determining presumptive child support under the guidelines.

Reversed and remanded.