(867 P.2d 1071)
No. 69,860

In the Matter of the Marriage of CHARLENE BEACHAM, *Appellee*,
and ALLEN W. REDD, *Appellant*.

Opinion filed February 4, 1994.

*Thomas D. Arnhold,* of Hutchinson, for the appellant.

*David N. Sutton,* chief of litigation, Kansas Department of Social and Rehabilitation Services, for the appellee.

Before PIERRON, P.J., LARSON, J., and RICHARD A. MEDLEY, District Judge, assigned.

PIERRON, J.: Allen Redd appeals from the district court's award of child support for his adopted daughter, Murrita. The district court held that appellant was required to pay child support for Murrita, even though she receives $521 per month in social se-

curity benefits as the result of her natural father's death. Appellant contends that because Murrita receives social security survivors' benefits, he should not be responsible for child support or that the social security payments should be credited against his child support obligation.

The Kansas Child Support Guidelines (see Supreme Court Administrative Order No. 83 [1993 Kan. Ct. R. Annot. 71]) must be followed in computing child support orders in cases where the guidelines apply. *In re Marriage of Schletzbaum*, 15 Kan. App. 2d 504, 506-07, 809 P.2d 1251 (1991).

" 'The standard of appellate review applicable to an appeal from a trial court's order determining the amount of child support is whether the trial court abused its discretion. [Citation omitted.] Judicial discretion is abused when action is arbitrary, fanciful, or unreasonable, which is another way of saying discretion is abused when no reasonable person would take the view adopted by the trial court.' [Citation omitted.]" *In re Marriage of McNeely* 15 Kan. App.2d 762, 768, 815 P.2d 1125, *rev. denied* 249 Kan. 776 (1991).

As Murrita's adoptive father, appellant has a duty to support his child. "The effect of a decree of adoption is to confer a legal status of parent and child upon adoptive parents and adopted children, including the legal consequences, obligations, and incidents that arise out of the status of parent of the child." *State ex rel. Secretary of SRS v. Clear*, 248 Kan. 109, 116, 804 P.2d 961 (1991).

In *Thompson v. Thompson*, 205 Kan. 630, 633, 470 P.2d 787 (1970), the Supreme Court held:

"Although the mother and others may be supporting the children this does not diminish or suspend the obligation of the father to support his children. [Citations omitted.] It is generally recognized that gratuitous contributions from relatives, friends, charities, governmental agencies or a stepfather will not reduce or diminish the father's obligation to furnish child support."

Appellant relies on *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649 (1975). In *Andler*, a father had been ordered to pay $160 per month in child support. The father then became disabled, and the children received $221.10 per month in social security benefits as a result of the father's disability. On appeal, the court compared the social security disability payments to insurance proceeds paid from a policy bought and paid for by the disabled father and stated that such payments could not be considered

gratuitous. The father insured against his possible future disability and loss of gainful employment by providing for the fulfillment of his moral and legal obligations to his children. The court held that

"where a father who has been ordered to make child support payments becomes totally and permanently disabled, and unconditional Social Security payments for the benefit of the minor children are paid to the divorced mother, the father is entitled to credit for such payments by the government against his liability for child support under the divorce decree." 217 Kan. at 544.

The court allowed a credit only to the extent of the father's obligation under the divorce decree. The excess of $61.10 paid each month, although not a gratuity in the sense that it represented the children's vested right under the insurance concept of the social security system, was nevertheless a gratuity to the children. 217 Kan. at 554.

This court recently interpreted *Andler* and *Thompson* in *In re Marriage of Emerson*, 18 Kan. App. 2d 277, 280, 850 P.2d 942 (1993). In *Emerson*, a child received supplemental security income (SSI) benefits as a result of her disability and based on her and her family's income and resources. 18 Kan. App. 2d at 281. The trial court apparently assumed that the SSI payments could be credited against any child support obligation. 18 Kan. App. 2d at 279-80. The *Emerson* court concluded that *Andler* did not control where social security payments are not unconditional and are not directly traceable to the obligor father. 18 Kan. App. 2d at 280-81. Due to the nature of the SSI payments, the *Emerson* court held that

"SSI benefits being received by a minor child may not be claimed as a credit towards the payment of court-ordered child support. In addition, we hold that the amount of SSI benefits cannot be considered by the court in determining presumptive support due under the guidelines. Finally, we conclude that the fact that a child may be receiving SSI benefits may not be used as a ground to modify an earlier award of support." 18 Kan. App. 2d at 283.

Appellant's child receives social security payments as a result of her natural father's death. The social security payments must be applied to the child's use and benefit, and any amounts remaining after use of the payments for her maintenance must be

conserved or invested on her behalf. 20 C.F.R. § 404.2035 (1993), 20 C.F.R. § 404.2040 (1993), 20 C.F.R. § 404.2045 (1993). The benefit amount is reduced if the child's annual earned income exceeds a specified amount. 20 C.F.R. § 404.415 (1993).

The payments received by Murrita are not directly or indirectly attributable to appellant; she receives the payments as a result of her natural father's death. While the payments are not a gratuity in the sense that they represent Murrita's vested right under the social security insurance program, the payments are nevertheless a gratuity to the extent they are not attributable to appellant. Appellant has a duty to support his child, and his duty is not relieved because of payments received by the child which are in no way attributable to him. Therefore, the trial court did not abuse its discretion in refusing to apply a credit to or eliminate appellant's child support obligation based on the social security survivors' benefits received by his child.

Other jurisdictions have also considered this question. See *In re Marriage of Foley*, 501 N.W.2d 497, 499 (Iowa 1993) (social security benefits payable to adopted children from account of children's deceased natural father could not be offset against child support payments otherwise due from adoptive father); *Traylor v. Burns*, 570 A.2d 1204 (Me. 1990) (disabled and unemployed father sought to terminate his child support obligation because his child became eligible to receive social security benefits as a result of her stepfather's death; court held father was not entitled to a credit for social security payments received by the child on account of her stepfather); *Slaughter v. Slaughter*, 313 S.W.2d 193 (Mo. App. 1958) (adoptive father not relieved of duty to support minor child where child received compensation for the death of his natural father while in the armed services, because nothing required the payments to be applied to child's maintenance and support).

The next question which arises is whether the trial court properly included Murrita's social security payments in appellee's income when determining the presumptive support due under the guidelines. Appellee does not dispute the court's decision to include the payment in her income. However, *Emerson* holds that SSI payments made for the benefit of the child should not be considered by the court in determining presumptive support due

under the guidelines. 18 Kan. App. 2d at 283. The guidelines define "Domestic Gross Income" as income from all sources, excluding public assistance. Administrative Order No. 83, § IID (1993 Kan. Ct. R. Annot. 73). Appellee receives the social security payments on behalf of Murrita; .the payments are not appellee's income. Since we hold that the payments should not have been included in appellee's income, the case must be remanded for a new determination of support without including Murrita's payments in appellee's income.

Further, there is no child support worksheet in the record which supports the $349 monthly support payments ordered by the trial court as appellant's obligation for his two daughters. At the hearing on the motion to set child support, the judge used the worksheets submitted by the parties and requested counsel to prepare a new worksheet based on his rulings. Apparently no worksheet was ever filed. The Kansas Child Support Guidelines require that the "worksheet approved by the Court shall be filed in every case where an order of child support is entered after the effective date of these guidelines." Administrative Order No. 83, § III (1993 Kan. Ct. R. Annot. 75). As stated earlier, the guidelines must be followed in computing child support orders. 15 Kan. App. 2d at 506-07.

Affirmed in part, reversed in part, and remanded.