(945 P.2d 424)
No. 77,271

BRIAN L. BROWN SR., *Appellant*, v. BARBARA E. MALONEY and CODY JOALEN BROWN, *Appellees*.

Opinion filed October 3, 1997.

*Brian L. Brown, Sr.*, appellant pro se.

No appearance for the appellees.

Before PIERRON, P.J., GREEN and MARQUARDT, JJ.

PIERRON, J.: Brian L. Brown, Sr., appeals the district court's dismissal of his motion to abate child support payments and motion for writ of habeas corpus ad testificandum. The appellees have filed no brief.

In 1991, Barbara Maloney was granted a divorce from Brown. The court ordered him to pay $111 per month in support. The record is unclear whether the support was for alimony or child support. In September 1993, the court ordered Brown to pay the current support and arrearages in excess of $2,100. In November 1993, Brown was incarcerated in the Hutchinson Correctional Facility. The record does not indicate what crime Brown had committed.

In September 1994, Brown filed a motion for modification of child support, a petition for writ of habeas corpus ad testificandum, and a motion to transport. The district court denied all three motions.

In December 1994, Brown filed a motion for the abatement of his support order and a motion for temporary visitation of a con-

fined person. After a continuance, the district court denied the motions in May 1995.

On March 22, 1996, Brown filed a motion to abate child support payments because he had no wages or employment and an income level of zero. Attached to his motion, Brown filed a domestic relations affidavit explaining his income situation as a result of incarceration. After the motion was set for hearing, Brown filed a motion for writ of habeas corpus ad testificandum and a motion to transport. In a letter dated May 29, 1996, the district court informed Brown his motions had been placed on the dismissal docket and the court knew of no statutory authority or case law which gave it the authority to transport him to the court for a hearing on his motion to reduce child support. The court directed Brown to provide authority, or the motion would be dismissed.

On June 6, 1996, the district court considered Brown's motion to reduce child support on its dismissal docket. The court entered an order dated June 28, 1996, finding that Brown had failed to appear and had failed to provide any authority obligating the court to transport him to the hearing. As a result, the district court dismissed the motion for failure to prosecute.

Brown argues the district court erred in failing to grant his motion to transport. He cites *Price v. Johnston,* 334 U.S. 266, 92 L. Ed. 1356, 68 S. Ct. 1049 (1948), for authority that a court may, in its discretion, command that a prisoner be brought before it to argue his own appeal in a case involving his life or liberty. The *Price* court found it had such authority based on its ability to issue all writs not specifically provided for by statute which are necessary for the exercise of jurisdiction and agreeable to the usages and principles of law. 334 U.S. at 278-79.

*Price* does not require a court to grant such relief, it simply acknowledges the court's discretion to do so. Here, the court declined. We see nothing in *Price* which requires the court to grant such relief.

There are, of course, many disadvantages which can be imposed on a convicted felon. One is the severe limitation on the ability to conduct personal business as a result of incarceration. On these

facts, we see no right of the petitioner to be present for a hearing on this motion.

However, we do find it was not appropriate for the trial court to simply dismiss the motion without consideration. The court was aware Brown could not attend in person. The issue raised by Brown was properly before the court. A hearing was not necessary if the court wished to rule on the basis of what was before it, after giving the opposing party an opportunity to respond.

We therefore reverse the summary dismissal of the motion and remand this matter for further consideration.

Brown contends he is not earning any money in jail except minimal "incentive pay" and that his child support should be reduced accordingly. He argues the effect of a denial of his motion was that an order of child support was entered without complying with the child support guidelines. See *In re Marriage of Schletzbaum*, 15 Kan. App. 2d 504, 506-7, 809 P.2d 1251 (1991) (trial court must follow child support guidelines).

The trial court has yet to rule on this matter. Although we have found no Kansas authority concerning this issue, we note the cases of *Brockmeier v. Brockmeier*, 91 Ohio App. 3d 689, 633 N.E. 2d 584 (1993), and *In re Marriage of Phillips*, 493 N.W. 2d 872 (Iowa App. 1992), which have generally discussed the issue.

Reversed and remanded for further proceedings.