(95 P.3d 131)

No. 91,418

In the Matter of the Marriage of RUTH ANN MARTIN, *Appellee*, and ROBERT JAMES MARTIN, *Appellant*.

—

Opinion filed August 13, 2004.

*Robert J. Martin*, appellant pro se.

No appearance by the appellee.

Before ELLIOTT, P.J., PIERRON and GREENE, JJ.

PIERRON, J.: Robert James Martin appeals from district court's denial of a motion to apply his retirement Social Security benefit payments in satisfaction of child support payments. We reverse and remand.

Robert and Ruth Ann Martin married on December 22, 1973. At the time of their marriage, Robert was 40 years old and Ruth Ann was 23 years old. Eight children were born of the marriage.

Ruth Ann filed for divorce September 27, 1994, on grounds of incompatibility. Based upon the parties' agreement, the district court granted Ruth Ann's request for joint legal custody and primary physical custody of the seven minor children.

The district court determined child support at a monthly rate that would decrease when each child was no longer a minor and no longer in high school. The court ordered support payments to be made through the Clerk of the District Court, Pottawatomie County Courthouse, Support Division, Westmoreland, Kansas. The court further ordered: "Any payments of child support not made in accordance with this provision shall be presumptively disallowed."

It is unclear from the record when Robert retired, but he began receiving Social Security retirement benefits sometime in 1999 or

2000. At this time there were four minor children who each received a monthly Social Security payment of $45, for a total of $180, based on Robert's retirement. Ruth Ann, as physical custodial parent, received the minor children's payments.

In an October 2001 journal entry, the district court modified the child support based on an agreement approved by both parties that, *inter alia,* recognized the children's $180 monthly payments based on Robert's retirement benefits as a downward adjustment of Robert's net parental child support obligation.

In August 2003, the district court again modified child support downward because one child had turned 18 and graduated from high school. As a result, Robert's future monthly child support obligations were based on three minor children in Ruth Ann's custody.

In its order, the district court granted a downward adjustment of $94 for "Visitation Adjustment," but denied Robert's request for a downward adjustment of $234 for "Overall Financial Condition." It is not clear from the record how Robert derived the figure of $234. However, it appears this amount represented some fraction of Social Security benefits received by the children after the divorce and after Robert retired. Similarly, the court's reason for denial is unclear from the record:

"But here it looks like what I have done in the past is I've added those [Social Security payments] into the income and included that in the income. This other— And I guess in effect that's really what was going on with Judge Klinginsmith, that direct payment should be recognized as a downward adjustment, in effect, a downward adjustment if you recognize his income to the other party and that increases their share, not very much. I think we're all aware of that. It doesn't take much money or much difference how much money the custodian makes, it's how much money you can put on the noncustodial parent's side that really determines what's done with these calculations of the guidelines."

In October 2003, the district court denied Robert's motion for judgment notwithstanding the verdict, requesting the court grant the $234 downward adjustment.

" 'The standard of appellate review applicable to an appeal from a trial court's order determining the amount of child support is whether the trial court abused its discretion. [Citation omitted.] Judicial discretion is abused when action is arbitrary, fanciful, or unreasonable, which is another way of saying discretion is

abused when no reasonable person would take the view adopted by the trial court. [Citation omitted.]' [Citation omitted.]" *In re Marriage of McNeely*, 15 Kan. App. 2d 762, 768, 815 P.2d 1125, *rev. denied* 249 Kan. 776 (1991).

The Court of Appeals will reverse a trial court's ruling on child support only when the trial court has abused its discretion. *In re Marriage of Emerson*, 18 Kan. App. 2d 277, 278, 850 P.2d 942 (1993).

This precise issue is one of first impression in Kansas. As discussed below, courts in Kansas have ruled on child support cases related to Supplemental Security Income (SSI) benefits and other governmental benefits, but not on child support obligations satisfied by retirement benefits. Under the Social Security Act, separate titles give rise to a difference between the two. See 42 U.S.C. §§ 402, 1381 (2000).

In the instant case, the district court made apparently conflicting rulings on whether a divorced father's Social Security retirement benefits could be used to make a downward adjustment in the father's "Overall Financial Condition" category (on child support worksheets) and be credited as child support payments. Therefore, the question is whether Social Security retirement benefits may be applied as a credit against court-ordered child support obligations. We believe they should.

The Kansas Child Support Guidelines (Guidelines) govern child support issues. *In re Marriage of Callaghan*, 19 Kan. App. 2d 335, 336, 869 P.2d 240 (1994). In a divorce order, child support provides for the needs of a child. Administrative Order No. 128, Kansas Child Support Guidelines, § II. A (2003 Kan. Ct. R. Annot. 99). Child support ordered by a final divorce decree may be modified under appropriate circumstances, but the modified order operates prospectively. *Ediger v. Ediger*, 206 Kan. 447, 455, 479 P.2d 823 (1971).

The Social Security system contains provisions for the payment of support monies to children such as those involved in this case.

"Every individual who (1) is a fully insured individual . . . (2) has attained age 62, and (3) has filed application for [retirement] insurance benefits . . . shall be entitled to [retirement] insurance benefit[s] for each month." 42 U.S.C. § 402(a) (2000). "Every

child . . . of an individual entitled to [retirement] or disability insurance benefits . . . shall be entitled to a child's insurance benefit for each month." 42 U.S.C. § 402(d). Robert receives retirement benefits, and his minor children receive children's insurance benefits.

Other jurisdictions are divided on the issue of Social Security benefits being credited toward child support payments. Some have concluded children's insurance benefits may be credited against child support obligations. *Lopez v. Lopez,* 125 Ariz. 309, 311, 609 P.2d 579, *reh. denied, rev. denied* (1980) (retirement Social Security payments received by wife and children to be credited against husband's support obligations); *Cash v. Cash,* 234 Ark. 603, 607, 353 S.W.2d 348 (1962) (Social Security benefits received by child after father retired at age 65, pursuant to mandatory retirement policy of employer, relieved father of weekly support payments); *McClaskey v. McClaskey,* 543 S.W.2d 832, 834-35 (Mo. App. 1976) (use of retirement Social Security payments to satisfy child support merely changes the manner of payment, not the nature of the funds).

In *Andler v. Andler,* 217 Kan. 538, 544, 538 P.2d 649 (1975), the Kansas Supreme Court ruled on SSI being credited toward satisfaction of child support payments:

"[W]here a father who has been ordered to make child support payments becomes totally and permanently disabled, and unconditional Social Security payments for the benefit of the minor children are paid to the divorced mother, the father is entitled to credit for such payments by the government against his liability for child support under the divorce decree."

The *Andler* court outlined two reasons in its decision. One, "[b]ecause of the unconditional nature of Social Security disability and old age benefits, other courts have held they constitute a satisfaction of a child support order when paid to the divorced mother for the benefit of the minor children. [Citations omitted.]" 217 Kan at 544. Two, the court looked to *Koons v. Koons,* 190 Kan. 65, 67, 372 P.2d 62 (1962), and military allotments as persuasive analogy. In *Koons,* the court found that even though allotment benefits were not made under the divorce decree but instead made under federal

statutes and Army regulations, the divorced father should receive credit as child support payments.

*Andler* was later narrowly construed "as being limited to social security disability payments and military allotments which are specifically mentioned in the [*Andler*] opinion." *Emerson,* 18 Kan. App. 2d. at 281.

Emerson dealt with SSI benefits paid to a disabled child whose parents divorced. The trial court refused to order the child's incarcerated father to pay child support because the child received SSI payments. However, this court found that because of the nature of SSI payments, when a child receives SSI, it is not a factor in the amount of child support under the guidelines. 18 Kan. App. 2d at 282. Benefits being received by a minor child can neither be claimed as a credit toward the payment of court-ordered child support, nor used as a ground to modify an earlier award of support. 18 Kan. App. 2d at 283.

Somewhat similarly, a later decision held that benefits received by a child from a deceased biological father could not be claimed by an adoptive father as a credit toward court-ordered child support where the payments were not unconditional and not directly traceable to the obligor father. *In re Marriage of Beacham,* 19 Kan. App. 2d 271, 274, 867 P.2d 1071 (1994). This court reasoned a duty to support a child cannot be relieved because of payments received by a child not attributable to the parent who is seeking relief. 19 Kan. App. 2d at 274-75.

In *Keller v. Guernsey,* 227 Kan. 480, 487, 608 P.2d 896 (1980), the court ruled that welfare benefits paid by Kansas or another state cannot be counted by a parent against his or her child support obligation. As Justice Holmes noted: "To argue that a parent's duty of support may depend upon which taxpayers are burdened with the responsibility absent such support, justifies no further comment by this court." As the *Keller* court noted earlier: "Such argument is not only fallacious but fellifluous."

Other courts have not permitted children's insurance benefits to be used as a credit against child support obligations when the payments were based on disability. *Matter of Estate of Patterson,* 167 Ariz. 168, 174, 805 P.2d 401 (1991) (father not entitled to credit

where children would have been entitled to receive the benefits regardless of divorce and the children's benefits do not decrease the father's own income); *Thompson v. Thompson*, 254 Ark. 881, 883-84, 496 S.W.2d 425 (1973) (disabled veteran's benefits represent a specialty item used only under specified circumstances and cannot be credited toward child support payments); *Fowler v. Fowler*, 156 Conn. 569, 573-74, 244 A.2d 375 (1968) (where father did not provide court-ordered support for more than 5 years and children began receiving benefits upon father's disability, court found factual situation justified payments to divorced wife not allowable as a credit against arrearage in fulfilment of payment).

Kansas cases discuss the difference between Social Security disability benefits and Social Security retirement benefits. See generally *Wishon v. Cossman*, 268 Kan. 99, 107, 991 P.2d 415 (1999), *modified on denial of rehearing* January 13, 2000; *Green v. City of Wichita*, 26 Kan. App. 2d 53, 977 P.2d 283, *rev. denied* 267 Kan. 888 (1999). However, we have been unable to locate a Kansas case that denies or allows credit based upon Social Security retirement benefit payments.

Law and common sense seem to dictate that the reasoning in *McClaskey* should prevail; the manner of the payment is irrelevant, the nature of the funds is the same. 543 S.W.2d at 834.

From the foregoing, we believe Social Security retirement benefits should be allowed as a credit against court-ordered child support payments. Even though Robert did not petition the court to recognize such payments in the 1995 divorce decree, his change in financial circumstances, based on his retirement, qualifies as a recognized change of circumstance under the Guidelines. Therefore, the district court should have given consideration to applying the children's retirement benefits as a downward adjustment and a prospective credit against Robert's child support payments.

Reversed and remanded with directions.