(186 P.3d 1216)
No. 99,006

STATE OF KANSAS, *ex rel.* SECRETARY, KANSAS STATE DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES; *Petitioner,* and SHEEMA WILLIAMSON, the mother, and QUEEN MOSES, a minor child by and through SHEEMA WILLIAMSON, next friend, *Appellants,* v. DONALD MOSES, *Appellee.*

—

Opinion filed July 11, 2008.

*Stanley R. McAfee,* Wyandotte County deputy court trustee, for appellants.

*Patricia M. Thomas* and *Lowell C. Paul,* of Kansas Legal Services, for appellee.

Before MCANANY, P.J., GREEN and CAPLINGER, JJ.

GREEN, J.: Sheema Williamson and minor child Queen Moses, through the Wyandotte County Court Trustee's office, appeal the decision of the trial court terminating Donald Moses' child support obligation. Did the trial court abuse its discretion in terminating Moses' child support obligation when his only source of income was Supplemental Security Income (SSI)? We say no.

In July 2003 the Secretary of the Kansas Department of Social and Rehabilitation Services filed a petition in the district court to

establish paternity of Queen Moses in Donald Moses. Moses voluntarily entered his appearance in the case that same day. In August 2003 a default judgment for paternity was entered against Moses, adjudging him the father of Queen.

In November 2004, Sheema Williamson, Queen's mother, moved to establish child support. At a hearing held in December 2004 Moses was ordered to pay Williamson $590 per month for child support, commencing December 1, 2004.

Moses later moved to reduce child support contending that the order was in excess of the amount recommended by the Kansas Child Support Guidelines (KCSG). Because the court found that Moses was receiving only SSI, the court modified Moses' child support payment to $76 per month.

In March 2007 Moses moved to terminate child support and to abate the outstanding arrearage. Moses alleged that he was unable to engage in substantial gainful employment and was therefore deemed disabled under federal law. He asserted that his only income at all times since the original order was SSI, which is exempt from legal process under federal law. Moses argued that because the 2004 KCSG defines domestic gross income as excluding public assistance, including SSI, he has no income and no child support obligation.

In May 2007 the district court granted Moses' motion to terminate child support. In addition, the court found that it lacked authority to abate the outstanding child support.

*Did the District Court Abuse its Discretion in Terminating Moses' Child Support Obligation?*

The district court terminated Moses' child support obligation without stating the basis for its decision. Both parties agree that the decision is premised on the fact that Moses has no other source of income except SSI, which is excluded from domestic gross income under the KCSG. As a result, Moses' child support obligation would be zero according to the KCSG.

The appellants argue that the provision within the KCSG that excludes SSI from domestic gross income is contrary to the duty of parents to support their children. The appellants further argue

that by terminating child support, the court has misinterpreted the purpose of the KCSG to establish child support orders. In essence, the appellants argue that Moses' SSI income should be included in his domestic gross income despite the language of the KCSG.

Our standard of review on appeal from a trial court order determining the amount of child support is whether the court abused its discretion. *In re Marriage of McNeely*, 15 Kan. App. 2d 762, 768, 815 P.2d 1125, *rev. denied* 249 Kan. 776 (1991). " 'Judicial discretion is abused when action is arbitrary, fanciful, or unreasonable, which is another way of saying discretion is abused when no reasonable person would take the view adopted by the trial court.' " *McNeely*, 15 Kan. App. 2d at 768. A challenge to the district court's interpretation and application of the KCSG is a question of law over which this court has unlimited review. *In re Marriage of Callaghan*, 19 Kan. App. 2d 335, 336, 869 P.2d 240 (1994).

As stated earlier, the trial court ordered Moses to start paying child support in December 2004. See KCSG § I (2004 Kan. Ct. R. Annot. 99). "Judges and hearing officers must follow the guidelines." KCSG § I (2004 Kan. Ct. R. Annot. 99); see also *In re Marriage of Schletzbaum*, 15 Kan. App. 2d 504, 506-07, 809 P.2d 1251 (1991) (noting that use of the guidelines is mandatory). A parent's net child support obligation is calculated by completing a child support worksheet. KCSG § I (2004 Kan. Ct. R. Annot. 99). The child support obligation is a rebuttable presumption of a reasonable child support order.

Section A of the child support worksheet requires that each parent provide his or her domestic gross income; this figure is then subject to certain adjustments and multiplied by each parents' proportionate share of income to determine the gross child support obligation. KCSG § IV(A) (2004 Kan. Ct. R. Annot. 106); Appendix VII (2004 Kan. Ct. R. Annot. 149). The KCSG defines domestic gross income as income from all sources excluding public assistance. KCSG § II.D. (2004 Kan. Ct. R. Annot. 100). "Public assistance" means all income received from public sources and for which the recipient is eligible based on financial need, including SSI specifically. KCSG § II.D.

Further, SSI is clearly excluded from domestic gross income under the plain and unambiguous terms of the KCSG.

The appellants provide no precedential authority for its position, relying instead on *Davis v. Office of Child Supp. Enfc'mnt*, 68 Ark. App. 88, 5 S.W.3d 58, *rev'd* 341 Ark. 349, 20 S.W.3d 273 (2000). The appellants urge that *Davis* "addressed this very issue and joined with other states in holding that the State is not preempted from ordering a parent whose sole source of income is SSI to pay child support." The appellants, however, fail to mention that the *Davis* decision was reversed by the state supreme court the following year.

In *Davis v. Office of Child Supp. Enforcem't*, 341 Ark. 349, 351-52, 20 S.W.3d 273 (2000), the sole source of income for the non-custodial parent, Davis, was SSI. The district court ordered, and the appellate court affirmed, that Davis pay $70 per month in support. The state administrative order governing child support payments defined income broadly and did not specifically exclude SSI. Nevertheless, the state supreme court reversed, holding that although SSI comes within the definition of income, federal law prohibits state child support payments from SSI benefits. 341 Ark. at 354, 358. The court noted specific federal law limiting state authority with respect to SSI payments: Congress expressly protected Social Security benefits from legal process in 42 U.S.C. § 407 and § 1383(d)(1). See 42 U.S.C. § 407(a) (2000) (SSI benefits are not subject to "execution, levy, attachment, garnishment, or other legal process"); 42 U.S.C. § 659(a) (2000) (SSI cannot be garnished or attached for child support or alimony). Subjecting SSI to state child support orders would damage the clear and substantial federal interest of providing a minimum level of income to persons who are receiving benefits because they are unable to engage in substantial gainful activity. 341 Ark. at 355-58.

Although *Davis* noted that the responsibility of a parent to support his or her children is a "moral imperative," it also stated that little choice existed for disabled parents living exclusively on subsistence income. 341 Ark. at 375 n.1. The court joined the 38 other states, including Kansas, that exempted SSI benefits from inclusion in gross income for child support purposes. 341 Ark. at 358 n.2.

Thus, *Davis* will not bear the weight of reliance which the appellants place upon it, not only because *Davis* was later overturned, but also because the Arkansas statute did not specifically exclude SSI from domestic gross income as does Kansas.

Conversely, in *Marrocco v. Giardino*, 255 Conn. 617, 624 n.6, 767 A.2d 720 (2001), which is similar to this case, the state statute for determining child support obligation defined gross income to include social security benefits but specifically excluded SSI. Giardino, the father, was dependent on SSI and state supplementation as his sole source of income. Although the lower court ruled that Giardino had no income under the guidelines, it ordered him to pay $12 per week in support in the best interests of the child. When Giardino appealed, Marrocco relied primarily upon the public policy argument that the intent of the guidelines was to ensure that all parents were responsible for their children.

The appellate court reversed the child support payment, reasoning that the legislature's decision to exclude SSI from gross income was based on the fact that SSI was a federal social welfare program designed to provide a guaranteed minimum income for individuals who cannot work because of age, blindness, or disability. The court stated:

"[B]oth SSI and state supplementation are awarded on the basis of need and are designed to protect the individual recipients from poverty. It therefore follows that allowing child support payments to be deducted from this already small figure, would reduce the recipient's income below that necessary to protect him or her from poverty [citations omitted] in contravention to the legislative intent that drives these programs. The fact that the commission expressly excluded both SSI and public assistance grants from the calculation of gross income indicates that the commission recognized the purpose underlying these programs and determined that parents should not be required to subsist on below poverty level incomes so that they may provide something in child support. Therefore, although the plaintiff is correct in her assertion that the intent of the guidelines is to ensure that parents support their children, that principle has no application to those parents whose sole source of income is SSI and state supplementation." 255 Conn. at 632-33.

In addition, the court reasoned that the legislature did not adopt a provision requiring a fixed minimum support payment regardless of whether the person has income under the guidelines. To allow

a deviation from the guidelines premised on the availability of public assistance grants would be inconsistent with the express provision of the guidelines that provides that public assistance grants are not to be included in the determination of gross income. 255 Conn. at 634-35.

*Marrocco* describes a factual scenario most similar to the present case, as it contemplates whether a person receiving SSI as his or her sole income should be obligated to make child support payments despite a provision that explicitly excludes SSI from gross income. No Kansas case has directly addressed this very issue; thus, *Marrocco* is persuasive. See *In re Marriage of Emerson*, 18 Kan. App. 2d 277, 282, 850 P.2d 942 (1993) (holding that SSI benefits *received by child* cannot be used as basis for decreasing parent's support obligation for similar reasons); see also *Youngblood v. James*, 883 S.W.2d 512, 513-14 (Ky. App. 1994) (holding that SSI cannot be included in gross income when specifically excluded by statute), *superseded by statute as stated in Barker v. Hill*, 949 S.W.2d 896 (Ky. App. 1994).

The appellants further urge that the trial court could have "reconciled its dilemma" by finding that it was in the best interests of the child to make an adjustment under section E of the child support worksheet, and assert that the court never even considered an adjustment. Nevertheless, a party alleging that a child support obligation is unjust or inappropriate and seeking an adjustment has the burden of proving that an adjustment should apply. KCSG § I (2004 Kan. Ct. R. Annot. 99). Adjustments under section E apply only when requested by a party, and if no adjustment is requested the section need not be completed. KCSG § IV.E. (2004 Kan. Ct. R. Annot. 111). A party requesting an adjustment must prove the basis for the adjustment. KCSG § IV.E. (2004 Kan. Ct. R. Annot. 111).

The record in this case fails to show that the appellants sought an adjustment before the district court. Furthermore, the appellants do not allege that they did so, instead merely suggesting that the court should have considered an adjustment on its own initiative. Because this argument is contrary to the requirements of the KCSG, it fails.

The appellants point out that Kansas has recognized a parent's obligation to provide support in other situations where the parent has no income, such as when the parent is incarcerated. The KCSG, however, has set out a specific exception when a parent's source of income is SSI. No similar exception was created for incarceration situations. The court in *In re Marriage of Thurmond,* 265 Kan. 715, 729-30, 962 P.2d 1064 (1998), held that incarceration of a parent is not legal justification for the suspension of child support but reasoned that a reduction of income from a cause beyond the obligor's control, such as illness, injury, and lay-off, should be considered differently from criminal activity that is within the individual's control. On the other hand, SSI assists persons who cannot work because of age, blindness, or disability, events that are likely beyond the obligor's control. See *Schweiker v. Wilson,* 450 U.S. 221, 223, 67 L. Ed. 2d 186, 101 S. Ct. 1074 (1981). Obtaining SSI is a lengthy process and requires the person be unable to engage in any substantial gainful activity due to physical or mental impairment expected to result in death or last at least 12 months. *Bullock v. Whiteman,* 254 Kan. 177, 179, 865 P.2d 197 (1993). The appellants' analogy in this regard is unpersuasive.

The appellants contend that the district court abused its discretion when terminating child support because it ignored the duty of a parent to support his or her child, and no reasonable person would have taken this view. The appellants argue that this abuse is evidenced by the fact that the court did not waive past due support. For example, if Moses could not be ordered to pay support because he truly had no income, then past support should have been waived also.

The party asserting that the court abused its discretion bears the burden of showing such abuse of discretion. *State v. Heywood,* 245 Kan. 615, 621, 783 P.2d 890 (1989). Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable (*i.e.,* where no reasonable person would take the view adopted by the trial court). Moreover, the trial court does not abuse its discretion if reasonable persons could differ as to the propriety of the action taken by the trial court. The district court cannot be deemed to have abused its discretion when it complied with the clear terms

of the KCSG that mandate the exclusion of SSI from domestic gross income. No Kansas case has ruled on this matter in a contrary manner; the decision was based on sound authority; and the court's decision cannot be viewed as arbitrary or unreasonable.

Furthermore, the trial court's decision not to waive past child support is based on entirely different reasoning than the termination of Moses' present and future support. "Kansas follows the general rule that, although a trial court has authority to modify a previous support order, the new order cannot increase or decrease amounts past due. 'In other words, the modification must operate prospectively and not retroactively. [Citation omitted.]' " *In re Marriage of Blagg*, 13 Kan. App. 2d 530, 531, 775 P.2d 190 (1989). Thus, the district court did not have the option or authority to waive Moses' past obligations regardless of whether Moses had sufficient income or whether the court chose to terminate present and future payment.

Finally, citing *Doughty v. Engler*, 112 Kan. 583, 211 Pac. 619 (1923), the appellants argue that parents have a legal duty to support their children, which is recognized in Kansas both by statute and by common law. This court does not challenge this proposition. Nevertheless, Moses clearly has no child support income under the guidelines and has a basic parental child support obligation of $0. Moreover, none of the discretionary adjustments that the trial court might have made are applicable to this situation. Even if this court were to agree with the appellants that parents should be legally obligated to pay at least a nominal amount of child support for their children, there is no basis for reading such a requirement into the guidelines.

In the present case, the district court correctly interpreted and applied the provisions of the KCSG that specifically require SSI be excluded from the calculation of domestic gross income. Moreover, the appellants' arguments would erase the plain meaning of the KCSG. Therefore, the appellants have failed to show that the trial court abused its discretion by terminating Moses' obligation to pay child support.

Affirmed.