### In re the MARRIAGE OF Cheryl N. ROSS–OOLEY, Appellant,

and

### Kenneth L. OOLEY, Appellee.

### No. 09CA2188.

Colorado Court of Appeals, Div. I.

Nov. 10, 2010.

Catherine Burkey, Grand Junction, Colorado, for Appellant.

No Appearance for Appellee.

Opinion by Judge NIETO.*

In this dissolution of marriage action, Cheryl N. Ross–Ooley (wife) appeals the trial court's order, entered after remand from this court, determining her income and denying her request for maintenance and attorney fees. The primary issue on appeal is whether the trial court erred when it clarified on remand that it had calculated wife's monthly income based on her actual part-time wages and the Social Security survivor benefits she receives on her son's behalf as a result of his father's death. We conclude that the trial court erroneously included the son's Social Security benefits in its determination of wife's income, and therefore we reverse and remand for further proceedings.

## I. Background

Wife, who was a widow with two sons from her prior marriage, married Kenneth L. Ooley (husband) in 1996. They had a daughter in 2000. The parties terminated their marriage in 2008.

Wife appealed the trial court's permanent orders, specifically contesting the award of parental responsibility for their daughter, the property division, the court's determination of her income, and the denial of maintenance, attorney fees, and various costs. In *In re Marriage of Ross–Ooley*, 2009 WL 482233 (Colo.App. No. 08CA0989, Feb. 26, 2009) (not published pursuant to C.A.R. 35(f)), a division of this court affirmed the award of parental responsibility and the property division, but reversed the determination of wife's income. The division concluded that the amount of income attributed to wife, which significantly exceeded her part-time earnings, did not equate to a full-time salary at the hourly wage she then earned. The division noted that the trial court did not address that discrepancy or make findings concerning wife's ability to find full-time work. Nor did the court include findings necessary to a determination that wife, who planned to resume her education, was voluntarily underemployed. The division held that these issues needed clarification and remanded for that purpose. The division further observed that the issues raised concerning the denial of maintenance, attorney fees, and various costs necessarily depended upon wife's financial resources and would, therefore, have to be revisited on remand.

After receiving this court's mandate, the trial court declined to hold a hearing and entered an order clarifying the "imputed income" issue. It explained that it had not imputed income to wife, but rather, "simply used her reported total monthly income of $2,712." The court stated that it considered section 14–10–115(5)(a)(I)(P), C.R.S.2010, which includes Social Security benefits in the calculation of a parent's income for purposes of child support, and that it added wife's reported monthly employment income of $1402 to the monthly Social Security benefits of $1310 she reported receiving for her son, which equaled $2712. It again found that wife earned a gross monthly income of $2712 for purposes of calculating child support.

Wife moved for reconsideration of the clarification order, arguing that the court erred by including her son's Social Security benefits in her income and by ignoring the other issues to be revisited on remand, including the issue of voluntary underemployment and the denial of maintenance, attorney fees, and other various costs. The court denied wife's motion for reconsideration, finding that it was not appropriate to impute income to her

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2010.

because she was not shirking a child support obligation and reiterating that the Social Security benefits she received on behalf of her son should be included in her monthly income. The court further found that, based on wife's financial resources, its denial of maintenance remained appropriate. It also concluded that, in view of the debt allocated to husband, wife should pay the costs of the custody evaluation and her own attorney fees.

## II. Social Security Benefits

As the trial court noted in its orders on remand, section 14–10–115(5)(a)(I)(P) includes Social Security benefits in a parent's gross income for purposes of child support. That statutory section provides that a parent's gross income includes, but is not limited to, "Social security benefits, including social security benefits actually received by a parent as a result of the disability of that parent or as the result of the death of the minor child's stepparent. . . ." That section goes on to exclude from a parent's income "social security benefits received by a minor child or on behalf of a minor child as a result of the death or disability of a stepparent of the child."

Section 14–10–115(5)(a)(II)(D), C.R.S.2010, provides, "Social security benefits received by the minor children, or on behalf of the minor children, as a result of the death or disability of a stepparent are not to be included as income for the minor children for the determination of child support."

Section 14–10–115(11)(c), C.R.S.2010, also provides:

In cases where the custodial parent receives periodic disability benefits granted by the federal "Old-age, Survivors, and Disability Insurance Act" on behalf of dependent children due to the disability of the noncustodial parent or receives employer-paid retirement benefits from the federal government on behalf of dependent children due to the retirement of the noncustodial parent, the noncustodial parent's share of the total child support obligation . . . shall be reduced in an amount equal to the amount of the benefits.

These provisions are silent with respect to the situation here in which wife receives benefits on behalf of the son she had with her deceased first husband and for whom husband owed no duty of support.

These statutes state that, for purposes of child support, Social Security benefits are generally included in a parent's income, and then they enumerate certain benefits as included in income and others that are excluded from income. However, as this case illustrates, the child support statutes do not specifically address how to treat every type of Social Security benefit.

Section 14–10–115(5)(a)(I)(P) could be read to include as income all Social Security benefits received by a parent except for those specifically excluded. However, such a reading would not be consistent with the division's interpretation of the statute in *In re Marriage of Anthony–Guillar*, 207 P.3d 934 (Colo.App.2009) (holding that Social Security disability payments received by a mother on behalf of a child because of mother's disability were not income to her). Also, to so read the statute in this case would result in treating the Social Security benefit received on behalf of the child differently from similar types of benefits that are addressed in the child support statutes. *See* § 14–10–115(5)(a)(I)(P) (benefits received by or on behalf of a child as a result of the death or disability of a stepparent are excluded from a parent's income); § 14–10–115(5)(a)(II)(D) (benefits received by or on behalf of a child as a result of the death or disability of a stepparent are not considered income of the child for the determination of child support). We reject this reading of the statute for the reasons stated below.

We consider *In re Marriage of Anthony–Guillar* instructive. There, the custodial parent was receiving disability benefits on behalf of her child due to the parent's own disability. The division noted that the child support guidelines expressly included the parent's own disability payments in the calculation of the parent's income, but did not address that portion of disability payments the parent received on behalf of the child as a result of that parent's disability. The division examined the legislative history of the

relevant provisions and concluded that the phrase, "actually received by a parent" in section 14–10–115(5)(a)(I)(P), referred only to the disabled parent's own disability benefits and not to those disability benefits the disabled parent had received for the child. *Anthony–Guillar*, 207 P.3d at 942.

Based on this interpretation, the division held that the magistrate had correctly determined that the child's disability payments should not be included in the parent's gross income, and that section 14–10–115(5)(a)(I)(P), (5)(a)(II)(D), and (11)(c) did not apply. *Anthony–Guillar*, 207 P.3d at 942–43. The division further determined that the disability benefits paid on behalf of the child could be considered a financial resource of the child under section 14–10–115(2)(b)(I) and (11)(b), C.R.S.2010, that might diminish the child's basic needs and require a reduction in the support owed. *Anthony–Guillar*, 207 P.3d at 943; *see also In re Marriage of Meek*, 669 P.2d 628, 630 (Colo.App.1983) (holding that a trial court must presume that survivor benefits paid to a child because of the death of her father are in lieu of the deceased father's support obligation unless other factors militate against allowing such credit).

As the division in *Anthony–Guillar* recognized, Social Security benefits received on behalf of a child, even if paid to the parent, are the child's financial resource. *See also In re Marriage of Beacham*, 19 Kan.App.2d 271, 867 P.2d 1071, 1074 (1994) (survivor benefits paid to mother on behalf of child because of the death of the child's natural father were not to be included in the mother's income for purposes of calculating adoptive father's support obligation); *Gambill v. Gambill*, 137 P.3d 685, 691 (Okla.Civ.App. 2006) (concluding that survivor benefits paid on behalf of adopted children as a result of the death of their natural father were income attributable to the children). The parent simply receives such benefits as a representative of the child, who, because of youth, lacks the ability to manage or direct management of the benefit payments in his or her own interest. *See* 42 U.S.C. § 405(j) (2010); 20 C.F.R. §§ 404.2001, 404.2035, 404.2040, 404.2045 (2010) (Social Security Administra-

tion regulations regarding representative payees). Such benefits are, therefore, similar to the parent's receipt of child support or "means-tested" public assistance benefits, both of which are expressly excluded from the parent's income. *See* § 14–10–115(5)(a)(II)(A)–(B), C.R.S.2010.

We reach the same conclusion as the division in *Anthony–Guillar* that section 14–10–115(5)(a)(I)(P) and its broad definition of income does not apply when a parent receives Social Security benefits on behalf of a child. In so holding, we perceive no reason to treat survivor benefits any differently from disability benefits. Both types of benefits operate as an income substitute for a worker's dependents. *See Meek*, 669 P.2d at 630 ("Social security death benefits represent money earned and contributed through the efforts of a working parent or spouse, which payments, like proceeds on an insurance policy, substitute as income to the worker's family should he or she die or become disabled.").

Thus, because wife received the survivor benefits in a representative capacity for her son, those benefits were not includable in her gross income for purposes of calculating husband's support obligation for their daughter. Accordingly, on remand, the trial court must redetermine wife's income, omitting from its calculation the survivor benefits received on behalf of the son.

### III. Voluntary Underemployment

Wife next contends that the trial court erred by not making findings concerning whether she was voluntarily underemployed as it was specifically directed to do in the division's remand in the first appeal. We agree that the trial court must revisit this issue.

The trial court interpreted the remand as requiring it to make findings explaining how it determined wife's income, and it did so. Although the court stated that it had not intended to impute income to wife and found that she was not shirking her responsibility for child support, it mistakenly attributed her son's Social Security benefit to her as income. Therefore, on remand the trial court must revisit the question of the wife's income

and consider any issues relevant to that question.

## IV.   Maintenance and Attorney Fees

As the division held in the first appeal, the issues wife raises concerning the court's denial of maintenance, attorney fees, and allocation of various costs, including custody evaluation and real estate closing costs, necessarily depend upon her financial resources. *See In re Marriage of Morehouse*, 121 P.3d 264, 267 (Colo.App.2005) (maintenance and attorney fees are inextricably intertwined). Thus, in view of the need to redetermine wife's income on remand, those issues must also be revisited.

The order is reversed and the case is remanded for further findings.

Judge TAUBMAN and Judge CASEBOLT concur.